WILSON, Appellant,

v.

**DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Wilson v. Ohio Dept. of Rehab. & Corr.* (2000), 138 Ohio App.3d 239.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 99AP–1333, 99AP–1334.

Decided June 15, 2000.

**240**

*Kenneth Jay Wilson,* pro se.

*Betty D. Montgomery,* Attorney General, and *Kevin W. Popham,* Assistant Attorney General, for appellee.

---

GEORGE, Judge.

On September 15, 1999 and September 17, 1999, plaintiff-appellant, Kenneth Jay Wilson, filed two separate complaints in the Ohio Court of Claims against defendant-appellee, Department of Rehabilitation and Correction, along with affidavits of indigency requesting leave to proceed *in forma pauperis* in lieu of paying filing fees and costs. The Clerk of the court accepted plaintiff's complaints and docketed them. Subsequently, however, the Court of Claims denied plaintiff's motions to proceed *in forma pauperis* and dismissed his complaints for failure to pay the requisite filing fees. Appellant appeals therefrom assigning the following errors:

"I. The Court of Claims committed reversiable [*sic*] error when it overruled the Plaintiff–Appellant's requests to proceed in forma pauperis.

"II. The Court of Claims committed reversiable [*sic*] error when it based it's [*sic*] decisions denying in forma pauperis status on erroneous information that the Plaintiff–Appellant had filed frivolous lawsuits in the past.

"III. The Court of Claims committed reversiable [*sic*] error when it erroneously concluded that the Plaintiff–Appellant had filed twenty-one (21) cases with the court in the past 'five years' when only thirteen (13) has [*sic*] been filed.

"IV. The Court of Claims committed reversiable [*sic*] error by denying in forma pauperis status thus denying him access to the Courts."

Each of plaintiff's four assignments of error challenge the Court of Claims' denial of plaintiff's requests to proceed *in forma pauperis* and subsequent dismissals of his complaints, and we will consider them together.

At the outset, we note that the Clerk of the Court of Claims has no discretion and must accept for filing all claims accompanied by a poverty affidavit. C.C.R. 2 provides:

"(A) * * *

"The *clerk, except as provided in subdivision (B), shall not accept a claim for filing* including claims removed to the court of claims, *unless such filing is accompanied by the filing fee prescribed by the court.*

"(B) * * *

"The *clerk shall accept for filing all claims accompanied by a poverty affidavit* which states specific reasons for the inability to pay the deposit to secure costs. In a claim accompanied by a poverty affidavit, the clerk shall serve all process and pay the expense therefor from the funds of the court and tax such expenses as costs. *The clerk or the court may at any time require additional information and a hearing, or both, to determine the validity of the poverty affidavit.*" (Emphasis added.)

 However, the Clerk's acceptance of a filing is not dispositive as to indigency status or whether a litigant may pursue his action *in forma pauperis.* The Clerk or the court may require additional information to determine whether an affidavit of indigency is sufficient to warrant the waiver of court fees. C.C.R. 2(B).

Further, R.C. 2969.25 requires an inmate, such as plaintiff, to file along with a civil complaint "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The record in the present case is devoid of any filing that is directed to the requirements of R.C. 2969.25. Just prior to the scheduled date of submission of this appeal on the briefs, plaintiff filed a motion to declare R.C. 2969.25 unconstitutional; however, because the constitutionality of R.C. 2969.25 was not raised before the trial court, it will not be addressed here.

 In denying plaintiff's motions to proceed *in forma pauperis* and dismissing his complaints, the Court of Claims noted that plaintiff had filed twenty-two and twenty-three previous cases respectively in the Court of Claims in an eight-year period. Although plaintiff disputes the Court of Claims' numbers, he admits to having filed at least thirteen actions in the Court of Claims in the last five years. The Court of Claims also noted that plaintiff had requested leave to proceed *in forma pauperis* in his prior actions and that costs were waived or absorbed in several of those cases. Based upon these facts, the Court of Claims overruled plaintiff's requests to proceed *in forma pauperis* and stated that it would dismiss plaintiff's complaints pursuant to Civ.R. 41 if plaintiff did not pay the $25 filing fee owed in each case within ten days. When, after the expiration of the ten-day period, plaintiff had not paid filings fees, the Court of Claims filed entries of dismissal in both cases.

Civ.R. 41(B)(1) provides:

"* * * Where the plaintiff fails to prosecute, or comply with these rules or any court order, *the court* upon motion of a defendant or *on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.*" (Emphasis added.)

Pursuant to this rule, a trial court may dismiss an action if the plaintiff fails to comply with an order of the court.

The standard of review in an appeal from a decision denying a motion for leave to proceed *in forma pauperis* is an abuse of discretion. An "abuse of discretion" has been defined as an unreasonable, arbitrary or unconscionable act on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, *State v. Fair* (Sept. 2, 1999), Franklin App. No. 98AP–1503, unreported, 1999 WL 680145, it is within the court's discretion whether indigency status is proper in a particular case. *Id.* The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing.

The goal of fairly dispensing justice is compromised when a court is forced to devote its limited resources to processing an indigent's repeated frivolous filings. *In re Sindram* (1991), 498 U.S. 177, 180, 111 S.Ct. 596, 597–598, 112 L.Ed.2d 599, 604–605. *Pro se* litigants have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial constraints that deter other litigants from filing frivolous actions, such as filing fees and attorney fees. *Id.* Thus, a court may protect the fair administration of justice and deny *in forma pauperis* status to those litigants deemed to have abused the system.

Here, plaintiff admits to filing thirteen cases in the Court of Claims over the last five years. Accordingly, we are unable to say that the Court of Claims abused its discretion in overruling plaintiff's motion to proceed *in forma pauperis* and, subsequently, dismissing his complaints for failure to pay the requisite filing

fees. Accordingly, plaintiff's four assignments of error are overruled, and the judgments of the Ohio Court of Claims are affirmed.

*Judgments affirmed.*

DESHLER and KENNEDY, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.