[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Mildret Crenshaw, appeals the judgment of the trial court convicting her of permitting drug abuse in violation of R.C.2925.13(B), a first-degree misdemeanor. For the following reasons, we reverse the trial court's judgment and order Crenshaw discharged.
An indictment was returned against Crenshaw and her husband, Sammy Lee Appleton. Of relevance here are counts three and four against Crenshaw. In count three, Crenshaw was charged with possession of marijuana in violation of R.C. 2925.11(A), a third-degree felony, and, in count four, she was charged with preparation of marijuana for sale in violation of R.C. 2925.07(A), a fourth-degree felony. Following a bench trial, Crenshaw was found guilty, with respect to count three, of permitting drug abuse in violation of R.C. 2925.13(B), and the fourth count relating to preparation of marijuana for sale was dismissed. Crenshaw was sentenced as appears of record.
In her appeal, Crenshaw raises seven assignments of error. In the first assignment, Crenshaw argues that her due-process rights were violated because the crime for which she was convicted was not a lesser-included offense of the crime with which she had been charged in count three of the indictment. We are again presented with another case where the defendant entered a trial charged with one crime, but left convicted of a totally different offense.
Crenshaw was convicted of permitting drug abuse, but she had been indicted for possession of drugs. Both parties agree that permitting drug abuse is not a lesser-included offense of possession of drugs. This is so because R.C. 2925.11(A), the possession statute, does not require proof that the defendant knowingly permitted premises to be used for the commission of a felony drug abuse by another person.[1] In our recent decision in State v. Moore,[2] we held that a trial court may not suasponte amend an indictment where the amendment changes the name and identity of the charged offense to one that is not a lesser-included offense of the crime charged. Because permitting drug abuse is not a lesser-included offense of possession of marijuana, and because the trial court sua sponte amended the indictment by convicting Crenshaw of permitting drug abuse, we must reverse the judgment of conviction and order that Crenshaw be discharged.
Given our disposition of Crenshaw's first assignment, we need not address the second, third, fourth, and fifth assignments of error, which relate to Crenshaw's motion to suppress and her challenge to the weight and the sufficiency of the evidence.
In the sixth assignment, Crenshaw maintains that her due-process rights were violated by the trial court's forfeiture order, which called for the confiscation of approximately $3,000. Both parties agree that a petition for forfeiture had been filed by the Hamilton County Prosecutor's office. But because Crenshaw has separately appealed from the forfeiture order, and because there is no copy of the order in this record, we have no jurisdiction to address the merits of Crenshaw's sixth assignment at this time.
In the seventh assignment, Crenshaw argues that the trial court erred when it denied her motion for leave to proceed in forma pauperis. The standard of review for a decision denying a motion for leave to proceedin forma pauperis is abuse of discretion.[3] An abuse of discretion has been defined as an unreasonable, arbitrary or unconscionable act on the part of the trial court.[4] In considering Crenshaw's indigency status, the trial court could have considered whether the affidavit of indigency included sufficient information concerning her financial condition, and whether the affidavit of indigency appeared to be reasonable under the circumstances.[5]
In denying the motion, the trial court determined that Crenshaw was not indigent because she had a job. After reviewing Crenshaw's affidavit of income and expenses, we cannot say the trial court abused its discretion. In her affidavit, Crenshaw admitted to having a take-home income of "approximately $1000." Although she argues that, after paying her fixed expenses, she has less than $50 per week for food and clothing, the record reflects that she had $3000 cash on hand when she was arrested. Under these circumstances, we cannot say the trial court abused its discretion when it determined that Crenshaw was not indigent and overruled her motion to proceed in forma pauperis. But, because the issue of forfeiture is not properly before us at this time, we are unable to review whether the trial court should have ordered that transcript fees be taken directly from the forfeited money. Accordingly, we overrule the seventh assignment of error insofar as it pertains to Crenshaw's indigency status.
Having sustained Crenshaw's first assignment, we reverse the judgment of the trial court and order that Crenshaw be discharged from further prosecution on the third count of the indictment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.
[2] (Aug. 10, 2001), Hamilton App. No. C-000775, unreported.
[3] See Wilson v. Department of Rehabilitation and Correction (2000),138 Ohio App.3d 239, 243, 741 N.E.2d 152, 154.
[4] See id., quoting Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1141-1142.
[5] See id.