OPINION JUDGMENT ENTRY
{¶ 1} Appellant appeals the February 2, 2004, decision of the Licking County Municipal Court.
{¶ 2} No response brief was filed by Plaintiff-Appellee.
{¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
{¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
{¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE
{¶ 6} On December 19, 2003, Plaintiff-Appellee William Trumbull reported to the Newark Police Department that Defendant-Appellant had stolen a lap-top computer. Trumbull's complaint alleged Trumbull was acting as a mentor for appellant under an agreement that he would be taught how to service computers in return for help around Trumbull's store. Appellant alleged he earned the computer in lieu of wages at the store. Although there were records another person had signed a contract to purchase the computer, that person did not come forward. Police searched appellant's home and recovered the computer.
{¶ 7} Appellant pled not guilty, and on June 3, 2003, the trial court dismissed the case against appellant on the prosecutor's motion. The prosecutor advised the court he had determined there was insufficient evidence to proceed, and the complaining witness had not cooperated and had not provided the prosecutor with essential information needed to successfully obtain a conviction.
{¶ 8} On June 6, 2003, appellant filed a motion for return of property, which the trial court sustained on June 28, 2003.
{¶ 9} On June 13, 2003, Plaintiff-Appellee filed a complaint in the Small Claims Division of the Licking County Municipal Court alleging that Defendant-Appellant owed him $1,930.00
{¶ 10} On July 7, 2003, Defendant-Appellant filed a Motion to Dismiss, which was denied by the trial court on July 10, 2003.
{¶ 11} On July 15, 2003, Plaintiff-Appellee filed an Amended Complaint seeking $3,000.00 for "merchandise taken and not paid for as well as funds Mr. Edmond collected from my customer he was not entitled to."
{¶ 12} On September 25, 2003, Defendant-Appellant filed a Demand for Jury Trial.
{¶ 13} On September 30, 2003, the trial court denied Defendant-Appellant's motion for a jury trial "on the grounds that there is no statutory provision for a jury trial in Small Claims Court."
{¶ 14} On November 10, 2003, Defendant-Appellant filed a Counter-Claim alleging that Plaintiff-Appellee owed him $3,000.00 "for work and labor and air compressor, and funds lent to the Plaintiff while Defendant was employed by the Plaintiff."
{¶ 15} On November 24, 2003, Defendant-Appellant filed an Affidavit of Indigency and moved the court for court-appointed counsel and a waiver of pre-payment of court costs associated with filing of subpoenas.
{¶ 16} On November 26, 2003, the trial court denied Defendant-Appellant's motion finding that he was not entitled to court-appointed counsel in a civil proceeding and holding that was not entitled to a waiver of costs for the same reason.
{¶ 17} On December 8, 2003, Defendant-Appellant filed a Motion for a Jury Trial and Waiver of Pre-Payment of Costs Associated with Defendant's Filing of Subpoenas, which was denied on December 10, 2003.
{¶ 18} On January 7, 2004, the trial was held in this matter before a magistrate.
{¶ 19} On January 12, 2004, the magistrate filed her decision finding that Plaintiff-Appellee was entitled to $1,491.00 on his claim and that Defendant-Appellant was entitled to $642.00 on his counter-claim, resulting in Defendant-Appellant owing Plaintiff-Appellee $849.00.
{¶ 20} Defendant-Appellant moved the court to waive the pre-payment of court costs associated with filing objections to the Magistrate's Decision.
{¶ 21} On January 15, 2004, the trial court denied said motion.
{¶ 22} On January 16, 2004, Defendant-Appellant filed a "Statement of Objection, Affidavit to Magistrate's Decision and Request for Findings of Fact and Conclusions of Law."
{¶ 23} Plaintiff-Appellee also requested Findings of Fact and Conclusions of Law.
{¶ 24} On January 27, 2004, the Magistrate filed an Amended Decision wherein she explained that her original decision contained all relevant Findings of Fact and Conclusions of Law with the exception that "Defendant-Appellant made statements during the hearing that he had subpoenaed witnesses who did not appear, however at no time did he request a continuance so as to obtain the presence of said witnesses and elected to go forward with his case without them."
{¶ 25} On February 2, 2004, Judge Michael F. Higgins filed his Judgment Entry approving and adopting the Magistrate's Decision.
{¶ 26} It is from this decision that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 27} "I. The trial court erred by overstepping its jurisdictional boundaries in awarding the plaintiff-appellee physical property in a small claims case where the consumer sales practices act did not apply.
{¶ 28} "II. The trial court erred and violated the defendant-appellant [sic] civil rights by not allowing the defendant-appellant to question his accuser.
{¶ 29} "III. The trial court erred by not accepting the defendant-appellants [sic] affidavit's [sic] of inability to pre pat [sic] court costs.
{¶ 30} "IV. The trial court erred in not allowing the defendant-appellant the right to a jury trial.
{¶ 31} "V. The trial court erred in not requiring the plaintiff-appellee to show receipts or paperwork for the items plaintiff-appellee alleged was taken from his store by the defendant-appellant.
{¶ 32} "VI. The trial court erred in not accepting previous order and entries from higher courts."
 I., II., V.
{¶ 33} In his first, second and fifth assignments of error, Appellant argues that the trial court erred during the trial proceedings or in reaching its decision based upon such proceedings. We disagree.
{¶ 34} Upon review, we find that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197,199.
{¶ 35} Appellant's first, second and fifth assignments of error are overruled.
 III.
{¶ 36} In his third assignment of error, Appellant claims the trial court erred in denying his motions to waive the pre-payment of court costs. We disagree.
{¶ 37} While trial courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the trial court's discretion whether indigency status is proper in a particular case. C.C.R. 2(B);Wilson v. Ohio Dept. of Rehab. Corr. (2000),138 Ohio App.3d 239, 741 N.E.2d 152; Daugherty v. Ohio Dept. of Human Servs.
(2001), Franklin App. No. 00AP-1093. Absent an abuse of discretion, the trial court's imposition of filing fees should not be disturbed. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
{¶ 38} The trial court may consider whether the party's affidavit of indigency includes sufficient information concerning his financial condition, whether additional information is required, and whether the affidavit appears to be reasonable under the existing conditions. Wilson, supra. In the present case, the trial court did not abuse its discretion by requiring appellant to pay a modest filing fee.
{¶ 39} Appellant's third assignment of error is denied.
 IV.
{¶ 40} In his fourth assignment of error, Appellant claims that the trial court erred in refusing him a jury a trial. We disagree.
{¶ 41} R.C. 1925.10(B) states in pertinent part:
{¶ 42} "In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. * * * The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury."
{¶ 43} As stated above, Appellant, as a defendant to a claim duly filed in small claims court waived his right to a jury trial by failing to file a motion to transfer the case to the regular docket of the court.
{¶ 44} Appellant's fourth assignment of error is denied.
 VI.
{¶ 45} In his sixth assignment of error, Appellant claims that the trial court erred in "not accepting previous order and entries from higher courts." We disagree.
{¶ 46} Appellant seems to be arguing that the trial court did not follow this Court's decision in State of Ohio v. TimothyEdmond (February 17, 2004) Licking App. No. 2003-CA-00086.
{¶ 47} Upon review, we find that the trial court's decision was not in contravention of our decision in the above case as said case did not involve the determination of ownership rights of the merchandise in the case sub judice nor of money owed for such merchandise. Appellant's sixth assignment of error is denied.
{¶ 48} The judgment of the Licking County Municipal Court is hereby affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Couty, Licking County, Ohio, is affirmed. Costs assessed to Appellant.