**GUISINGER, Appellant,**

v.

**SPIER et al., Appellees.**

[Cite as *Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005 CA 17.

Decided April 7, 2006.

Tina R. Guisinger, appellant pro se.

Mark L. Schumacher and Sandra R. McIntosh, for appellee Ronald B. Spier, M.D.

Robin R. Freeman and Austin P. Wildman, for appellee Community Hospital.

Patrick K. Adkinson, for appellees William Wilson, M.D. and Digestive Care, Inc.

Karen L. Clouse and David W. Culley, for appellees Steven R. Sutherin, M.D., and Alan Roy Thurman, M.D.

---

WOLFF, Judge.

{¶ 1} Tina R. Guisinger, individually and as administrator of the estate of Melvina Mae Guisinger, appeals from a judgment of the Clark County Court of Common Pleas, which dismissed her action for failure to pay a filing fee.

{¶ 2} On December 10, 2004, Guisinger filed an action against various physicians and hospitals, alleging that their negligence in diagnosing and treating her mother, Melvina Mae Guisinger, caused her mother's death. Attached to the complaint was a notarized affidavit of indigency. Guisinger did not pay a filing fee or provide security for costs. On January 14, 2005, the trial court sua sponte

dismissed the action for failure to pay the filing fee. The dismissal entry was journalized on January 18, 2005.

{¶ 3} Although the January 14, 2005 judgment is the only possible judgment from which Guisinger could appeal, she has failed to provide the court with an assignment of error related to that judgment. In her brief, Guisinger cites several amendments to the United States Constitution to assert that she has a right to due process. In that vein, she questions the authority of the clerk of courts to dismiss her action. Guisinger apparently also seeks for this court to rule on the merits of her complaint and to enter judgment in her favor. In this appeal, our review is limited to the issue whether the trial court's dismissal of her complaint was proper. *Latimore v. Ohio Dept. of Job & Family Servs.* (Oct. 9, 2001), Stark App. No. 2001CA164, 2001 WL 1230335.

{¶ 4} R.C. 2323.31 permits courts of common pleas to require an advance deposit for the filing of any civil action. Local Rule 15 of the Clark County Court of Common Pleas, as amended effective July 1, 2002, provides: "No civil action or proceeding shall be accepted for filing by the Clerk unless the party offering the same shall first deposit a sum to secure the payment of the costs that may occur in such action or proceeding except as otherwise provided by law."

{¶ 5} The local rules of the Clark County common pleas court do not provide an exception for those who cannot afford the required payment. However, under R.C. 2323.31, if the plaintiff "makes an affidavit of inability either to prepay or give security for costs, the clerk of the court shall receive and file the petition. Such affidavit shall be filed with the petition, and treated as are similar papers in such cases."

{¶ 6} The determination of indigence for purposes of whether a plaintiff should be required to pay filing fees and court costs "is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation." *Evans v. Evans,* Franklin App. Nos. 04AP-816 & 04AP-1208, 2005-Ohio-5090, 2005 WL 2364976, ¶ 23. "While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the court's discretion whether indigency status is proper in a particular case. The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing." (Citation omitted.) *Wilson v. Dept. of Rehab. & Corr.* (2000), 138 Ohio App.3d 239, 243, 741 N.E.2d 152.

{¶ 7} In support of their assertion that the trial court acted within its discretion, the medical services providers rely upon *Nosker v. Lennon* (June 27, 1997), Greene App. No. 96–CA–98, 1997 WL 351777. Although we dismissed Nosker's appeal for want of jurisdiction, we stated, in dicta, that we would have found that the trial court did not abuse its discretion when it overruled Nosker's motion to proceed in forma pauperis. In that case, Nosker's affidavit admitted to having a net monthly income of $2,100 and to $900 in cash on hand. Although Nosker had alleged that his debts and bills exceeded his income, he recited a conclusory dollar amount without providing a description of his debt.

{¶ 8} Unlike the plaintiff's affidavit in *Nosker,* Guisinger's affidavit of indigence states that she does not have any income or assets to pay fees or court costs. Her supporting documentation indicates that she is receiving disability medical assistance and food stamps. Nothing in the affidavit provides any basis for the court to conclude that Guisinger was able to pay the requisite filing fee and other court costs.

{¶ 9} Moreover, although the court was permitted to review the affidavit of indigence at any time, it was required to provide Guisinger an opportunity to pay the filing fee or to provide additional information in support of her affidavit prior to dismissal of her action. Civ.R. 41(B)(1) allows a court to dismiss an action sua sponte when the plaintiff fails to "comply with these rules or any court order." However, the court is required to provide notice to the plaintiff prior to dismissal. Id.

{¶ 10} The Rules of Court of the Clark County Court of Common Pleas were adopted as the rules of practice and procedure in that court by court order, effective September 1, 1990. Local Rule 15 was most recently amended by an order dated May 29, 2002. Because the trial court failed to provide notice to Guisinger of its intent to dismiss her action for failure to pay the filing fee, in accordance with Civ.R. 41(B)(1), the trial court abused its discretion in dismissing the action. See *Latimore,* supra.

{¶ 11} The assignment of error is sustained.

{¶ 12} The judgment of the trial court is reversed.

Judgment reversed.

BROGAN and GLASSER, JJ., concur.

GEORGE M. GLASSER, J., retired, of the Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.