[Cite as *Nelson v. Rodriguez*, 2011-Ohio-996.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY


RANDALL J. NELSON,                                    CASE NO. 5-10-20

   PLAINTIFF-APPELLANT,

 v.

ALAINNAH B. RODRIGUEZ,                       O P I N I O N

   DEFENDANT-APPELLEE.


**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2010-CV-378**

**Judgment Affirmed**

**Date of Decision:  March 7, 2011**


**APPEARANCES:**

   *Randall J. Nelson,* **Appellant**

   *Alainnah B. Rodriguez,* **Appellee**

**PRESTON, J.**

{¶1} Plaintiff-appellant, Randall J. Nelson ("Nelson"), pro-se, appeals the Hancock County Common Pleas' judgment denying his motion to file his civil complaint against defendant-appellee, Alainnah B. Rodriguez ("Rodriguez"), *in forma pauperis*. We affirm.

{¶2} On May 21, 2010, Nelson filed a "Motion to file a civil complaint Informa Pauperis" against Rodriguez in the Hancock County Court of Common Pleas. (Doc. No. 6). Nelson attached to his motion an affidavit of indigency. (Id.). A copy of Nelson's complaint was included in the file but was neither file-stamped nor docketed by the clerk. Nelson's complaint essentially alleged that Rodriguez, his ex-girlfriend, defamed him by sending MySpace emails stating that he had infected her with HIV (AIDS).

{¶3} On June 4, 2010, the trial court overruled Nelson's motion to file his complaint *in forma pauperis*. (Doc. No. 7). On June 28, 2010, Nelson filed a notice of appeal. (Doc. No. 8). Nelson now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION TO FILE COMPLAINT INFORMA [SIC] PAUPERIS.**

{¶4} In his sole assignment of error, Nelson argues that the trial court erred by denying his motion to file his civil complaint without deposit of court costs. We disagree.

{¶5} Ohio's Common Pleas Courts have inherent power to secure the orderly administration of justice and safeguard against conduct which would impair the free exercise of judicial functions. *Eubank v. Doneghy* (June 9, 1989), 6th Dist. No. L-88-193, at *1, citing *Zangerle v. Common Pleas Court* (1943), 141 Ohio St. 70, 46 N.E.2d 865. See, also, 19 Ohio Jurisprudence 3d (2010), Costs in Civil Actions, Section 34. As an exercise of that inherent authority, it is within the court's discretion to determine whether indigency status is proper in a particular case for waiving the deposit for security of costs. *Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810, 853 N.E.2d 320, ¶6, citing *Wilson v. Ohio Dept. of Rehab. and Corr.* (2000), 138 Ohio App.3d 239, 243, 741 N.E.2d 152. When making this determination, a trial court may consider: "whether the litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints[;] whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition[;] whether additional information is required[;] and whether the affidavit of indigency appears to be reasonable under conditions then existing." *Spier* at ¶6, citing *Wilson* at 243. Nevertheless, "[t]he determination of indigence for purposes of whether a plaintiff should be required to pay filing fees and court costs 'is

typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation.'" *Spier* at ¶6, quoting *Evans v. Evans*, 10th Dist. Nos. 04AP-816, 04AP-1208, 2005-Ohio-5090, ¶23.

{¶6} "The standard of review in an appeal from a decision denying a motion for leave to proceed *in forma pauperis* is an abuse of discretion." *Wilson*, 138 Ohio App.3d at 243. An "abuse of discretion" has been defined as an unreasonable, arbitrary, or unconscionable act on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶7} The trial court did not abuse its discretion by denying Nelson's motion to file his civil complaint *in forma pauperis*. Although the trial court concluded that Nelson's actual indigent status was "indisputable" and failed to find that Nelson had abused the judicial process, the trial court concluded that Nelson "ha[d] failed to establish any compelling public interest or individual necessity requiring that he be permitted to pursue his complaint without tendering the sufficient deposit in advance." (June 4, 2010 JE, Doc. No. 7). The trial court's rational is not succinctly stated, but it appears to have determined that Nelson's indigency status for purposes of waiving the deposit for security of costs was *not* "reasonable under conditions then existing." See *Spier* at ¶6, citing *Wilson* at 243. As such, we cannot find that the trial court abused its discretion by denying Nelson's motion to file his complaint *in forma pauperis*.

{¶8} Nelson's assignment of error is, therefore, overruled.

*Judgment Affirmed*

**SHAW, J., concurs.**

**/jnc**

**WILLAMOWSKI, J., dissents.**

{¶9} I disagree with the majority in that I would find the trial court's judgment to be an abuse of discretion. R.C. 2323.31 specifically provides that "if a plaintiff makes an affidavit of inability either to prepay or give security for costs, the clerk of the court shall receive and file the petition."

> **The determination of indigence for purposes of whether a plaintiff should be required to pay filing fees and court costs "is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation."** *Evans v. Evans, Franklin App. Nos. 04AP-816 & 04AP-1208, 2005-Ohio-5090, 2005 WL 2364976, ¶23.* **"While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the court's discretion whether indigency status is proper in a particular case. The trial court may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing."** *Wilson v. Dept. of Rehab. & Corr.* **(2000), 138 Ohio App.3d 239, 243, 741 N.E.2d 152.**

*Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810, ¶6, 853 N.E.2d 320.

{¶10} The majority recognizes that the trial court found that Nelson was indigent and that the trial court made no findings that Nelson had previously abused the process. The majority then affirms the trial court's decision because it *appears* that the trial court found that the waiver was not reasonable under conditions then existing. However, the trial court did not find the affidavit unreasonable. The trial court had no issues with the affidavit itself. Specifically, the trial court found that "[b]ased upon the information supplied [in the affidavit], it is indisputable that the Plaintiff is indigent." J.E. 1. Instead the trial court determined that the case lacked "any compelling public interest or individual necessity." J.E. 3. That is not the standard that is to be used in reviewing the affidavit. Therefore, I would reverse the judgment of the trial court.