[Cite as *Yeager v. Moody*, 2012-Ohio-1691.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANN YEAGER | ) | CASE NO. 11 CA 874 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| PAUL MOODY, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common Pleas of Carroll County, Ohio Case No. 11 CVB 26795

JUDGMENT:    Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellant:    Ann Yeager, Pro se
3546 Steubenville Road, SE
Amsterdam, Ohio  43903

For Defendants-Appellees:    Atty. Jennifer Thomas
Thomas Law Firm
26 Second Street, SE
P.O. Box 235
Carrollton, Ohio  44615

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 26, 2012

WAITE, P.J.

{¶1} Appellant Ann Yeager appeals the dismissal of her pro se complaint in the Carroll County Court of Common Pleas. The complaint was dismissed for failure to pay the filing fee and for problems regarding her affidavit of indigence. Although the trial court made a finding that Appellant had not shown indigency or hardship in failing to pay the filing costs, the record does not reflect that Appellant was given notice and a hearing prior to the dismissal. Appellant was entitled to notice and a hearing with respect to her status as an indigent prior to the dismissal of her complaint, and for this reason the judgment of the trial court is reversed and the case remanded for further proceedings. All other issues and arguments raised by Appellant in this appeal are not yet subject to review and are dismissed.

{¶2} Appellant filed a pro se complaint against Paul Moody and Vista Window Company on June 13, 2011. The complaint contained claims of negligence, product liability, and breach of contract, to name just a few. Along with the complaint, Appellant filed a document captioned "Filing of Hardship," and another document captioned "Affidavit of Inability to Prepay or Give Security for costs." Appellant claimed that, due to alleged actions of the defendants, she had lost her business and had no income for the past year. She noted that she was currently unemployed, had a bank account with 17 cents in it, owned no automobile or home, and had credit card and medical debt. The record shows that she did not pay a fee to file the complaint. Service on the defendants was not accomplished due to failure to pay service costs.

**{¶3}** On June 21, 2011, the trial court sua sponte dismissed the complaint for failure to pay court costs and because Appellant had not made a showing of indigency or other hardship. This pro se appeal followed on June 28, 2011.

**{¶4}** Appellant has filed a motion to remove and disqualify the trial judge in this case. Appellate courts do not have jurisdiction to disqualify a common pleas judge on grounds of bias. *Bundschu v. Naffah*, 147 Ohio App.3d 105, 2002-Ohio-607, 768 N.E.2d 1215 (7th Dist.), ¶51. R.C. 2701.03 grants to the Chief Justice of the Ohio Supreme Court the exclusive authority to disqualify and replace a common pleas court judge because of personal bias. "Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). Appellant's motion to disqualify is overruled.

**{¶5}** Appellant has attempted to argue the merits of her complaint on appeal and has attached copies of various documents to her appellate brief in support of her arguments. This evidence was not part of the trial court record, and therefore, is not properly part of this appeal. *Hoppel v. Hoppel*, 7th Dist. No. 06 CO 31, 2007-Ohio-5246, ¶27. The only issue properly before us on appeal is whether the trial court erred when it sua sponte dismissed the complaint for failure to pay court costs. *See, e.g.*, *Latimore v. Ohio Dept. of Job & Family Servs.*, 5th Dist. No. 2001CA164, 2001 WL 1230335 (Oct. 9, 2001). We agree with Appellant that the trial court erred in

dismissing the complaint without notice and a hearing regarding the issue of her indigence.

**{¶6}** R.C. 2323.31 allows courts of common pleas to require an advance deposit for the filing of any civil action. Carroll County Loc.R. 2 requires the prior deposit of court costs, and the rule lists the specific amounts for each court cost. The rule states that "deposits for costs may be excused upon a showing of indigency or other hardship as approved by the Court. However, the Clerk of Courts may refuse to accept for filing any pleading or other document to which no appropriate deposit is tendered therewith, absent a showing of indigency or other approved hardship."

**{¶7}** Under R.C. 2323.31, if the plaintiff "makes an affidavit of inability either to prepay or give security for costs, the clerk of the court shall receive and file the petition. Such affidavit shall be filed with the petition, and treated as are similar papers in such cases." "The determination of indigence for purposes of whether a plaintiff should be required to pay filing fees and court costs 'is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation.' " *Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810, 853 N.E.2d 320, ¶6 (2d Dist.), quoting *Evans v. Evans*, 10th Dist. Nos. 04AP-816, 04AP-1208, 2005-Ohio-5090, ¶23. "[W]here the trial court or the clerk of courts questions the truthfulness of such an affidavit, the court, on its own motion, or the clerk, on his motion, may request an oral hearing to investigate the litigant's indigency." *Torres v. Torres*, 4 Ohio App.3d 224, 447 N.E.2d 1318 (8th Dist.1982), paragraph one of the syllabus.

**{¶8}** The mere filing of an affidavit of indigence does not constitute an automatic waiver of court costs. "Ohio's Common Pleas Courts have inherent power to secure the orderly administration of justice and safeguard against conduct which would impair the free exercise of judicial functions. As an exercise of that inherent authority, it is within the court's discretion to determine whether indigency status is proper in a particular case for waiving the deposit for security of costs." (Citations omitted.) *Nelson v. Rodriguez*, 3d Dist. No. 5-10-20, 2011-Ohio-996, ¶5.

**{¶9}** " 'The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing.' (Citation omitted)." *Guisinger*, supra, ¶6, quoting *Wilson v. Dept. of Rehab. & Corr.*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152, (10th Dist.2000).

**{¶10}** Civ.R. 41(B)(1) allows a court to dismiss an action sua sponte when the plaintiff fails to "comply with these rules or any court order," which includes rules about the filing of a complaint. The trial court was permitted to review, sua sponte, the affidavit of indigence at any time, and could have dismissed Appellant's complaint even if Appellant had been found to be indigent. Even a sua sponte dismissal, though, must comport with the dictates of basic due process. Due process requires that a complainant be given notice and a hearing prior to dismissal of the case when

that dismissal is based on questions about the complainant's indigence. *Guisinger* at ¶9. The trial court was required to at least provide Appellant an opportunity to pay the filing fee, or schedule a hearing to give her the chance to provide additional information in support of the affidavit prior to dismissal of her action. The trial court did not provide notice and hearing, and therefore, Appellant's argument on this limited issue has merit and the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings consistent with this Opinion.

Donofrio, J., concurs.

DeGenaro, J., concurs.