[Cite as *Manville v. Hazen*, 2019-Ohio-1133.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TODD MANVILLE,                           :

     Plaintiff-Appellant,           :

     v.                             :

KIRSTEN HAZEN,                           :

     Defendant-Appellee.            :

No. 107105

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 28, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-16-860031 and CV-17-874190

---

### *Appearances:*

Todd Manville, pro se, *for appellant.*

Jordan & Sidoti L.L.P., Bret Jordan, *for appellee.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Pro se plaintiff-appellant, Todd Manville ("Manville"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, Kirsten Hazen ("Hazen"). For the reasons that follow, we affirm.

{¶ 2} In January 2017, Manville filed a pro se complaint alleging that he gave money and property to Hazen that she refused to return to him. According to

Manville, in 2007, he signed a power of attorney over to Hazen so she could have access to his bank accounts and lines of credit while he was incarcerated.[1] He claims he also signed over title to three cars and a motorcycle to Hazen and entrusted her with the contents of his house.

{¶ 3} The record shows that Hazen filed for bankruptcy in 2008. The bankruptcy court served Manville and gave him notice of the date of the meeting of creditors, deadlines to file a proof of claim, and other relevant information. Manville failed to file a proof of claim or other objection. In 2013, Hazen's debts were discharged, and her case was closed in March 2014. Manville filed numerous motions with the bankruptcy court, including a motion to reopen the case. The court denied his motions.

{¶ 4} Manville filed numerous pro se motions with the trial court in the instant case, all of which the trial court denied. In April 2017, the court issued an order noting that Manville had yet to perfect service upon Hazen and informing Manville that the case would be dismissed pursuant to Civ.R. 4(E) if service was not perfected by July 10, 2017. Service was perfected in May 2017, and Hazen filed an answer on July 3, 2017, which was deemed admitted by the court.

---

[1]In 2007, Manville pleaded guilty to two counts of rape and one count of pandering obscenity involving a minor stemming from the sexual abuse of a young child. He was sentenced to 15 years in prison and classified as a sexual predator. *See State v. Manville*, Cuyahoga C.P. No. CR-07-491035-A.

{¶ 5} Manville continued to file numerous pro se motions. In November 2017, Hazen moved for summary judgment. In her motion, Hazen argued that her bankruptcy case precluded Manville from making additional claims against her.

{¶ 6} The trial court granted Hazen's motion for summary judgment, finding that Hazen's discharge in bankruptcy court precluded Manville's attempt to relitigate matters that should have been raised in that court.

{¶ 7} Manville filed a notice of appeal and raises the following assignments of errors:

I. The Trial Court erred in denying Mr. Manville's In Forma Pauperis Motion.

II. The Trial Court erred in denying Mr. Manville's Default Judgment Motions.

III. The Trial Court erred in not allowing Mr. Manville a mode of prosecution.

IV. The Trial Court erred in not granting Mr. Manville any discovery.

V. The Trial Court erred in granting Ms. Hazen's Summary Judgment Motion.

## Law and Analysis

{¶ 8} In the first assignment of error, Manville claims that the trial court erred in denying his in forma pauperis motion. In his motion, Manville asked the court to waive its filing fee and any court costs associated with pursuing his claim. The trial court denied his motion.

{¶ 9} R.C. 2323.31 provides that,

[t]he court of common pleas by rule may require an advance deposit for the filing of any civil action or proceeding. On motion of the defendant, and if satisfied that such deposit is insufficient, the court may require it to be increased from time to time, so as to secure all costs that may accrue in the cause, or may require personal security to be given; but if a plaintiff makes an affidavit of inability either to prepay or give security for costs, the clerk of the court shall receive and file the petition. Such affidavit shall be filed with the petition, and treated as are similar papers in such cases.[2]

**{¶ 10} Thus, R.C. 2323.31 allows courts of common pleas to require an advance deposit for the filing of any civil action. Loc.R. 7 of the Court of Common Pleas of Cuyahoga County, General Division, requires the prior deposit of court costs and lists the specific amounts for each court cost. The rules states: "A poverty affidavit filed in lieu of a cash deposit must state the reasons for the inability to prepay costs and is subject to Court review at any stage of the proceedings." *Id.***

**{¶ 11} "'The determination of indigence for purposes of whether a plaintiff should be required to pay filing fees and court costs 'is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation.'" *Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810, 853 N.E.2d 320, ¶ 6 (2d Dist.), quoting *Evans v. Evans*, 10th Dist. Franklin Nos. 04AP-816 and 04AP-1208, 2005-Ohio-5090, ¶ 23. But the mere filing of an affidavit of indigence does not constitute an automatic waiver of court costs.**

---

[2]R.C. 2323.31 was amended, effective March 22, 2019.

{¶ 12} Ohio's common pleas courts have the inherent power to secure the orderly administration of justice and safeguard against conduct that would impair the free exercise of judicial functions. *Nelson v. Rodriguez*, 3d Dist. Hancock No. 5-10-20, 2011-Ohio-996, ¶ 5, citing *Eubank v. Doneghy*, 6th Dist. Lucas No. L-88-193, 1989 Ohio App. LEXIS 2141, 3 (June 9, 1989). As an exercise of that authority, it is within a court's discretion to determine whether indigency status is proper in a particular case for waiving the deposit for security of costs. *Rodriguez* at *id.*

> The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing.

*Guisinger* at *id.*, citing *Wilson v. Dept. of Rehab. & Corr.*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152 (10th Dist.2000); *see also Yeager v. Moody*, 7th Dist. Carroll No. 11 CA 874, 2012-Ohio-1691.

{¶ 13} The standard of review in an appeal from a decision denying a motion for leave to proceed in forma pauperis is an abuse of discretion. *Wilson* at *id.*

{¶ 14} Here, the trial court was within its discretion to deny Manville's motion. Manville initially filed a complaint against Hazen on March 8, 2016. *See Manville v. Hazen*, Cuyahoga C.P. No. CV-16-860031. In that case, Manville filed an affidavit that admitted he had filed five civil actions against the Ohio Department of Rehabilitation and Correction in the past five years. During the ten-month pendency of CV-16-860031, Manville filed more than two dozen motions and

"notices" with the trial court. He also filed an appeal, which was dismissed for a lack of a final, appealable order. *See Manville v. Hazen*, 8th Dist. Cuyahoga No. 104734 (July 25, 2016).

{¶ 15} On November 21, 2016, the trial court dismissed his case without prejudice. Manville refiled his complaint on January 10, 2017, and, as mentioned, has filed numerous motions and notices in this case.

> The goal of fairly dispensing justice is compromised when a court is forced to devote its limited resources to processing an indigent's repeated frivolous filings. *In Re Sindram* (1991), 498 U.S. 177, 180, 112 L.Ed. 2d 599, 111 S. Ct. 596. Pro se litigants have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial constraints that deter other litigants from filing frivolous actions, such as filing fees and attorney's fees. *Id.* Thus, a court may protect the fair administration of justice and deny in forma pauperis status to those litigants deemed to have abused the system.

*Wilson v. Dept. of Rehab. & Corr.*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152, (10th Dist.2000), at 233.

{¶ 16} Manville has filed seven civil cases since 2012 and numerous motions and notices in the current case. Accordingly, the trial court did not abuse its discretion in denying Manville's motion to proceed in forma pauperis.

{¶ 17} The first assignment of error is overruled.

{¶ 18} In the second assignment of error, Manville contends that the trial court erred in denying his motions for default judgment.

{¶ 19} Civ.R. 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, * * * a default judgment may be entered against that party."

{¶ 20} Manville filed his complaint on January 10, 2017. He filed a motion for default judgment on April 20, 2017. Manville did not perfect service on Hazen until May 17, 2017, after he filed his motion for default judgment. A trial court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *Fifth Third Bank v. Hatfield*, 10th Dist. Franklin No. 03AP-175, 2004-Ohio-755, ¶ 12. Therefore, the trial court correctly denied his motion.

{¶ 21} Manville filed a second motion for default judgment on June 27, 2017, and a third motion July 14, 2017. Hazen answered the complaint on July 3, 2017; her answer was deemed admitted as of that day.

{¶ 22} In Ohio, it is a fundamental tenet of judicial review that courts should decide cases on the merits. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). The granting of a default judgment is a harsh remedy, which should only be imposed when the actions of the defaulting party create a presumption of willfulness or bad faith. *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶ 19.

{¶ 23} Civ.R. 12(A)(1) provides that a defendant shall serve his or her answer within 28 days after service. Loc.R. 8(C) of the Court of Common Pleas of

Cuyahoga County, General Division, allows a party desiring an extension for filing under Civ.R. 12 to either procure a written stipulation approved by all parties or obtain approval of the court. The court granted Hazen's motion to file her answer instanter. We find no error in the trial court giving Hazen leave to file her answer outside the prescribed 28 days.

{¶ 24} In light of the above, the trial court did not err in denying Manville's motions for default judgment. Accordingly, the second assignment of error is overruled.

{¶ 25} In the third assignment of error, Manville argues that the trial court did not allow him a "mode of prosecution" because the court did not transport him from prison for hearings. To support his position, Manville cites *Shepard Grain Co. v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717, 827 N.E.2d 392, ¶ 17 (2d Dist.). In *Shepard Grain Co.*, the court found no abuse of discretion in the trial court's decision not to transport a prisoner to court for trial but determined that the trial court abused its discretion in denying his motion to be present via telephone conference.

{¶ 26} The United States Supreme Court has "chosen not to extend to [prisoners] the Fourteenth Amendment due process right to physical access to the courts." *Mancino v. Lakewood*, 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist.1987), citing *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 296341, L.Ed.2d 935 (1974). Thus, an absolute right for an incarcerated party to be present in a civil action does not exist.

{¶ 27} On October 26, 2017, Manville filed a motion asking the court to transport him for the final pretrial. On November 22, 2017, Hazen moved for summary judgment. The trial court set a final pretrial date for February 20, 2018, and a trial date for March 19, 2018. The court granted Hazen's summary judgment motion on January 31, 2018, and cancelled the pretrial and trial dates. Thus, no pretrial hearing was held and Manville cannot show he was prejudiced.

{¶ 28} Accordingly, the third assignment of error is overruled.

{¶ 29} In the fourth assignment of error, Manville argues that the trial court erred in denying his motions for discovery.

{¶ 30} Manville filed numerous discovery motions prior to perfecting service on Hazen. Civ.R. 33(A)(2) provides that "[i]nterrogatories, without leave of court, may be served upon the plaintiff after commencement of the action and upon any other party after service of the summons and complaint upon the party." Therefore, the trial court did not err in denying those motions filed prior to service being perfected.

{¶ 31} Manville filed numerous discovery requests after his first set of discovery requests were denied due to a lack of service. The trial court denied his additional discovery requests as moot and granted Hazen's summary judgment motion. Although the record does not indicate why the trial court denied Manville's motions as moot prior to granting summary judgment, we find that there was no prejudice to Manville because the trial court granted summary judgment based on res judicata, not based on the merits of the case.

{¶ 32} Accordingly, the fourth assignment of error is overruled.

{¶ 33} In the fifth assignment of error, Manville argues that the trial court erred in granting summary judgment in favor of Hazen.

{¶ 34} To be entitled to summary judgment, the moving party must demonstrate: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).

> A bankruptcy plan confirmed by a bankruptcy court has the effect of a judgment rendered by a state or district court. Any attempt by the parties [to the bankruptcy] to relitigate any of the matters that were raised or could have been raised [in the bankruptcy proceeding] is barred by the doctrine of res judicata. A judgment in bankruptcy court bars a subsequent suit if (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases." *Jungkunz v. Fifth Third Bank* (1994), 99 Ohio App.3d 148, 151, 650 N.E.2d 134 (internal citations omitted).

*Badovick v. Greenspan*, 8th Dist. Cuyahoga No. 96097, 2011-Ohio-3262, ¶ 13.

{¶ 35} In Ohio, all participants in a bankruptcy proceeding, not just formally named parties, are barred by res judicata from asserting matters they could have raised in the bankruptcy proceedings. *Id.* at ¶ 16, citing *Federated Mgmt. Co. v. Latham & Watkins*, 138 Ohio App.3d 815, 823, 742 N.E.2d 684 (10th Dist.2000).

{¶ 36} Creditors and those in privity with a party to a bankruptcy proceeding are also considered parties to the bankruptcy action for res judicata purposes.

*Badovick* at ¶ 17, citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (C.A.6, 1992).

{¶ 37} In *Badovick*, this court noted that,

> [t]he Bankruptcy Code contains a strong preference for final resolution of all claims involving the debtor, largely in order for the debtor to obtain a fresh start. To release creditors and equity security holders from the bonds of res judicata would allow them to launch collateral attacks on confirmed plans, undermining the necessary ability of bankruptcy courts to settle all of the claims against the debtor. To interpret the term "party" narrowly would also run counter to the provisions in the Code which outline the effect of plans and offer methods for challenging the bankruptcy orders.

*Badovick*, 8th Dist. Cuyahoga No. 96097, 2011-Ohio-3262, citing *Federated Mgmt. Co.* at *id.*

{¶ 38} The record shows that Manville was a creditor in Hazen's bankruptcy case. Therefore, he is considered a "party" for res judicata purposes. The bankruptcy discharge was a final judgment rendered by a court of competent jurisdiction, and the claims Manville has against Hazen for return of his property could have been or were asserted in the bankruptcy proceedings. Because the parties in the instant case — Manville and Hazen — were also parties to Hazen's bankruptcy proceeding and because the causes of action are the same in both actions, Manville's claims are barred by res judicata.

{¶ 39} Accordingly, the court did not err in granting Hazen's motion for summary judgment.

{¶ 40} The fifth assignment of error is overruled.

{¶ 41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR