[Cite as *Crenshaw v. Howard*, 2022-Ohio-3914.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARIAH S. CRENSHAW,        :

        Plaintiff-Appellant,      :

v.        :

SHAWN L. HOWARD, SR.,      :

        Defendant-Appellee.      :

No. 110898

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
IN PART; REMANDED
**RELEASED AND JOURNALIZED:** November 3, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-947564

---

*Appearances:*

Mariah S. Crenshaw, *pro se*.

Edwin V. Hargate, *for appellee*.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant Mariah Crenshaw appeals from an order of the Cuyahoga County Court of Common Pleas granting judgment on the pleadings in favor of defendant-appellee Shawn L. Howard, Sr. Crenshaw contends that the trial court erred in (1) granting Howard's Civ.R. 12(C) motion before the pleadings had

closed and discovery was completed, (2) concluding that Crenshaw's complaint failed to state a claim for which relief could be granted against Howard and (3) denying Crenshaw leave to amend her complaint to assert a claim of journalistic malpractice against Howard. Crenshaw further contends that the trial court abused its discretion in denying her affidavit of indigency and that the trial judge violated the Ohio Code of Judicial Conduct by failing to recuse herself from the case.

{¶ 2} For the reasons that follow, we reverse the trial court's decision granting Howard's motion for judgment on the pleadings, vacate the trial court's October 7, 2021 order denying "plaintiff's request for indigent status for purpose of paying filing fees and court costs" and remand for further proceedings.

**Procedural and Factual Background**

{¶ 3} On May 13, 2021, Crenshaw filed a complaint in the Cuyahoga County Court of Common Pleas, asserting claims of defamation, slander, libel and telecommunications harassment against Howard. Crenshaw alleged that, "[s]ince January 1, 2021," Howard had "posted numerous slanderous, libelous, and defaming statements on social media multiple times a day" with "intent to harass, annoy, and embarrass [Crenshaw]." Crenshaw further alleged that Howard had engaged in "nonstop harassment, bullying, and intimidation" in violation of R.C. 2917.21(B)(1) and had "enlisted family and friends to engage in telecommunications harassment" of her on social media. She also alleged that Howard had "post[ed] images on the internet intended to disturb [her]" and had "made false reports" regarding an unidentified family member of Crenshaw,

accusing the family member of a crime of which he had not been convicted, "as an attempt to torment and cause great injury." Crenshaw claimed that Howard's actions had "endanger[ed]" her life and that of the unidentified family member, had caused "extreme emotional and psychological damages" and had "adversely affected" her earning capacity and reputation. Crenshaw sought to recover in excess of $100,000 in damages and "all fees associated with the cost of [the] action."

{¶ 4} The case was originally assigned to Judge Deena Calabrese. On June 28, 2021, Crenshaw filed an "affidavit of disqualification pursuant to [R.C.] 2701.03" with the trial court and the Ohio Supreme Court, requesting that Judge Calabrese be recused from handling the case because Howard had been a witness in a case Judge Calabrese had prosecuted when she was an assistant prosecuting attorney. Judge Calabrese voluntarily recused herself from the case and the case was reassigned to Judge Shirley Strickland Saffold. Crenshaw did not request recusal of Judge Saffold.

{¶ 5} Howard filed an answer in which he denied all of the allegations in Crenshaw's complaint and asserted a laundry list of "affirmative defenses," including failure to state a claim for which relief could be granted.

{¶ 6} On August 4, 2021, Crenshaw filed a motion for leave to amend her complaint to include an additional claim of "journalistic malpractice" against Howard. Crenshaw asserted that Howard held "media credentials" and that he had "misused his journalist credentials to convey false and misleading statements to the

public in an effort to discredit, harass, slander and malign [her]." The trial court denied the motion.

{¶ 7} On September 22, 2021, Howard filed a motion for judgment on the pleadings. He argued that Crenshaw's complaint should be dismissed because (1) Crenshaw had not pled any legally cognizable cause of action for libel, slander or telecommunications harassment against Howard, (2) the acts allegedly committed by Howard were "not unlawful" and "appl[ied] to someone other than Crenshaw," (3) Crenshaw had no standing to bring an action for acts allegedly committed against a third party and (4) Crenshaw's allegations involved "speculative acts" rather than "actual controversies."

{¶ 8} Crenshaw filed an opposition in which she asserted that (1) Howard's motion was untimely because the pleadings had not yet closed, (2) Howard had "offered a 'statement of facts' that was not supported by any evidence collected during [d]iscovery," (3) Crenshaw "must have the opportunity to introduce evidence through the [d]iscovery process before a dismissal can be granted" and (4) Crenshaw had been granted an ex parte civil stalking protection order against Howard on September 20, 2021.

{¶ 9} On October 8, 2021, the trial court granted judgment on the pleadings in favor of Howard. The trial court explained its ruling as follows:

> When affording plaintiff all reasonable inferences possibly derived from the factual allegations of the complaint and the pleadings, plaintiff is not able to prove a set of facts entitling her to relief. Accordingly, judgment in favor of defendant on the pleadings is granted as a matter of law.

**{¶ 10}** Crenshaw appealed, raising the following five assignments of error for review:

1. The trial court erred in granting a 12(C) motion when the pleadings had not closed.

2. The trial court erred in granting the motion on grounds of failure to state a claim upon which relief can be granted as a matter of law.

3. The trial court erred in disallowing an inclusion claim of journalistic malpractice.

4. The trial court erred in denying the appellant's affidavit of indigency.

5. The trial court violated the canons of a judge.[1]

## Law and Analysis

### Motion for Judgment on the Pleadings

**{¶ 11}** As an initial matter, we note that the "history" section of Crenshaw's appellate brief sets forth numerous purported facts to which there are no citations

---

[1] App.R. 3(D) requires an appellant to "designate the judgment, order or part thereof appealed from." As Howard observes, Crenshaw designated only the trial court's October 8, 2021 final judgment granting Howard's motion for judgment on the pleadings in the notice of appeal, as the judgment or order from which she was appealing, not the trial court's October 7, 2021 orders denying her motion for leave to amend the complaint and her request for indigency status for purpose of paying court costs and filing fees. However, App.R.3(D) "does not require an appellant to separately identify each interlocutory order issued prior to a final judgment." *Beatley v. Knisley*, 183 Ohio App.3d 356, 2009-Ohio-2229, 917 N.E.2d 280, ¶ 9 (10th Dist.). "Interlocutory orders merge into the final judgment, and thus, an appeal from a final judgment allows an appellant to challenge both the final judgment and any interlocutory orders merged with it." *Id.*; *see also Breech v. Liberty Mut. Fire Ins. Co.*, 2017-Ohio-9211, 101 N.E.3d 1199, ¶ 22-32 (5th Dist.); *O'Connor v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 98721, 2013-Ohio-1794, ¶ 19-20.

in the record and which are not set forth in the pleadings or otherwise included in the record in this appeal. Accordingly, we do not consider these facts when evaluating Crenshaw's assignments of error in this appeal. *See* App.R. 12(A)(2), 16(A)(6)-(7). In reviewing the trial court's ruling on Howard's motion for judgment on the pleadings, we limit our review to the facts alleged in the pleadings. *See Edwards v. Kelley*, 2021-Ohio-2933, 178 N.E.3d 55, ¶ 8 (8th Dist.) ("Under Civ.R. 12(C), matters outside the pleading cannot be considered because such motions are restricted to considering only the allegations contained within the four corners of the pleadings.").

### Standard of Review

{¶ 12} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings have closed, and the same standard of review applies. *See, e.g., Kobal v. Kobal*, 8th Dist. Cuyahoga No. 110317, 2022-Ohio-812, ¶ 10; *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, ¶ 17, fn.6; *Accelerated Sys. Integration, Inc. v. Hausser & Taylor, L.L.P.*, 8th Dist. Cuyahoga No. 88207, 2007-Ohio-2113, ¶ 32-33.

{¶ 13} Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material factual allegations in the pleadings as true and all reasonable inferences that can be drawn therefrom in favor of the plaintiff, the court finds, beyond doubt, that the plaintiff could prove no set of facts in support of his or her

claims that would entitle the plaintiff to relief. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Grp. Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996); *Socha v. Weiss*, 2017-Ohio-7610, 97 N.E.3d 818, ¶ 9 (8th Dist.). Where, as here, the relevant pleadings are a complaint and answer, determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any documents properly attached as exhibits to those pleadings.[2] *Edwards* at ¶ 7. A motion for judgment on the pleadings raises only questions of law, testing the legal sufficiency of the claims asserted. *Id.*; *Johnson v. Johnson*, 8th Dist. Cuyahoga No. 108420, 2020-Ohio-1381, ¶ 11. As such, we review a trial court's decision to grant a motion for judgment on the pleadings de novo. *New Riegel* at ¶ 8, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18; *Socha* at ¶ 10.

### Ruling on Civ.R. 12(C) Motion After Pleadings Closed

{¶ 14} In her first assignment of error, Crenshaw contends that the trial court erred in granting Howard's Civ.R. 12(C) motion (1) before the pleadings had closed and (2) before Crenshaw could conduct discovery and present evidence to support her claims against Howard. Crenshaw's arguments are meritless.

---

[2] No documents were referenced in or attached to the pleadings in this case.

{¶ 15} Where, as here, no counterclaim, cross-claim or third-party complaint is filed, the pleadings are "closed" once an answer is filed. *See* Civ.R. 7(A). Accordingly, the pleadings were closed when Howard filed his Civ.R. 12(C) motion, and the trial court properly ruled on Howard's Civ.R. 12(C) motion.

{¶ 16} Further, because a Civ.R. 12(C) motion for judgment on the pleadings is determined based on the pleadings alone, "discovery and evidentiary materials are irrelevant." *Westwinds Dev. Corp. v. Outcalt*, 11th Dist. Geauga No. 2008-G-2863, 2009-Ohio-2948, ¶ 24; *see also Lindow v. N. Royalton*, 104 Ohio App.3d 152, 159, 661 N.E.2d 253 (8th Dist.1995) ("The completion of discovery is not relevant to the granting of a motion to dismiss."). As stated above, in ruling on Howard's motion, the trial court could consider only the allegations contained within the four corners of the complaint and answer. *See, e.g., Edwards*, 2021-Ohio-2933, 178 N.E.3d 55, at ¶ 8. Accordingly, the trial court did not err in ruling on Howard's Civ.R. 12(C) motion before discovery was completed and without considering any evidentiary materials.

{¶ 17} Crenshaw's first assignment of error is overruled.

### Ruling on Civ.R. 12(C) Motion – Failure to State a Claim for which Relief Could be Granted

{¶ 18} In her second assignment of error, Crenshaw argues that she sufficiently pled her claims in her complaint, that "[t]he [t]rial [c]ourt had a duty to determine if [Crenshaw] has failed to state facts that support a claim for relief" and that the trial court "failed that duty."

{¶ 19} Crenshaw asserted four claims in her complaint: claims for slander, libel and defamation (collectively, the "defamation claims") and a claim for telecommunications harassment. Defamation, which includes both slander and libel, is the "publication [of] a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 9, quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 7, 651 N.E.2d 1283 (1995). Slander refers to spoken defamatory words, while libel refers to written or printed defamatory words. *Mercer v. Goans*, 8th Dist. Cuyahoga No. 109651, 2021-Ohio-1948, ¶ 19. To prevail on a defamation claim, whether libel or slander, a plaintiff must prove that (1) a false statement of fact, (2) about the plaintiff, (3) was published to a third party, (4) with the requisite degree of fault on the part of the defendant and (5) the statement was either defamatory per se or was defamatory per quod, causing special harm to the plaintiff. *See, e.g., Geletka v. Radcliff*, 8th Dist. Cuyahoga No. 110988, 2022-Ohio-2497, ¶ 31; *Lograsso v. Frey*, 2014-Ohio-2054, 10 N.E.3d 1176, ¶ 13 (8th Dist.); *Garofolo v. Fairview Park*, 8th Dist. Cuyahoga Nos. 92283 and 93021, 2009-Ohio-6456, ¶ 17. R.C. 2739.01 provides:

> In an action for a libel or slander, it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff. If the allegation is denied, the plaintiff must prove the facts, showing that the defamatory matter was published or spoken of him. In such action it is

not necessary to set out any obscene word, but it is sufficient to state its import.

{¶ 20} R.C. 2917.21 is a criminal statute. R.C. 2917.21(B)(1) states:

No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

{¶ 21} R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law. *Jacobson v. Kaforey*, 2016-Ohio-8434, 149 Ohio St.3d 398, 75 N.E.3d 203, ¶ 6, 10, 12-13; R.C. 2307.60(A)(1) ("Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.").

{¶ 22} As used in R.C. 2917.21, "[t]elecommunication" is "the origination, emission, dissemination, transmission, or reception of data, images, signals, sounds, or other intelligence or equivalence of intelligence of any nature over any communications system by any method, including, but not limited to, a fiber optic, electronic, magnetic, optical, digital, or analog method." R.C. 2913.01(X); 2917.21(G)(3). "Telecommunications device" means any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit,

scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem." R.C. 2913.01(Y); 2917.21(G)(3). R.C. 2917.21 does not define "abuse," "threaten" or "harass." *But see In re C.W.*, 1st Dist. Hamilton Nos. C-180677 and C-180690, 2019-Ohio-5262, ¶ 16 (noting that "[h]arassment" has been generally defined as "'[w]ords, conduct, or action ([usually] repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in the person and serves no legitimate purpose'"), quoting *State v. Ellison*, 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 14 (1st Dist.), citing *Black's Law Dictionary* 733 (8th Ed.Rev.2004).

{¶ 23} Civ.R. 8(A) requires a complaint only to provide "a short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." *See also Bush v. Cleveland Mun. School Dist.*, 8th Dist. Cuyahoga No. 99612, 2013-Ohio-5420, ¶ 5 ("Ohio is a notice-pleading state, and the Ohio Rules of Civil Procedure generally do not require a plaintiff to plead operative facts with particularity.").

{¶ 24} In support of her claims, Crenshaw alleges that Howard has "posted numerous slanderous, libelous, and defaming statements on social media in violation of R.C. 2739.01" and that he "continues to post defaming content on his social media page." Crenshaw further alleges that Howard made these statements "with intent to harass, annoy, and embarrass" Crenshaw, that "[Howard's] conduct has been nonstop harassment, bullying and intimidation in violation of [R.C.]

2917.21(B)(1)," that Howard has "enlisted family and friends to engage in telecommunications harassment of [Crenshaw] on social media" and that Howard "has been persistent in his efforts by posting images on the internet intended to disturb plaintiff." Crenshaw also alleges that, as a result of Howard's actions, she has suffered "extreme emotional and psychological damages," serious emotional distress and "irreparable damages to her reputation as an advocate in the community."

{¶ 25} Construing all material allegations in the pleadings and all reasonable inferences that could be drawn therefrom in favor of Crenshaw, as we are required to do, we cannot say that Crenshaw could prove no set of facts in support of her claims that would entitle her to relief.

{¶ 26} Accordingly, the trial court erred in granting Howard's motion for judgment on the pleadings. We sustain Crenshaw's second assignment of error.

**Disallowing Inclusion of Journalistic Malpractice Claim**

{¶ 27} In her third assignment of error, Crenshaw appears to challenge the trial court's denial of her motion to amend her complaint to assert a claim of a journalistic malpractice. However, in her argument in support of the assignment of error, Crenshaw does not address the merits of that motion.

{¶ 28} Civ.R. 15(A) governs amendment of pleadings. Although the rule allows for "liberal" amendment of pleadings and provides that leave to amend shall be "freely give[n] * * * when justice so requires," there is no "unconditional" or "absolute" right to amend a complaint after the time period specified in Civ.R. 15(A)

has passed. *Franciscan Communities, Inc. v. Rice*, 8th Dist. Cuyahoga No. 109889, 2021-Ohio-1729, ¶ 31. A trial court may properly deny a motion for leave to amend a complaint if the amendment would be futile. *See, e.g., Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 123, 573 N.E.2d 622 (1991) ("[W]here a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading."). We review a trial court's decision to deny a motion for leave to file an amended pleading for abuse of discretion. *Id.* at 122; *Franciscan Communities* at ¶ 32.

{¶ 29} In her third assignment of error, Crenshaw does not address the factual or legal basis for her proposed "journalistic malpractice" claim or explain why she contends she should have been permitted to amend her complaint to assert such a claim against Howard. Instead, she argues that the trial court's denial of her motion "presents a res judicata issue," that the trial court "in essence granted a 12b motion" when it granted Howard's Civ.R. 12(C) motion and that "the necessity of relying on matters outside the pleadings to establish res judicata * * * precludes the use of a Civ.R. 12(B)(6) motion to dismiss for raising that defense." Crenshaw also reiterates her prior arguments that the trial court erred in granting judgment on the pleadings in favor of Howard before the pleadings had closed and discovery was completed.

{¶ 30} For the reasons set forth above and because Crenshaw has not shown that the trial court abused its discretion in denying her motion for leave to amend her complaint, we overrule her third assignment of error.

**Denial of Affidavit of Indigency**

{¶ 31} In her fourth assignment of error, Crenshaw contends that the trial court abused its discretion in denying her affidavit of indigency without a "legal reason," imposing an undue financial burden on Crenshaw. Crenshaw asserts that she "should not be denied access to the courts because her income falls below the poverty level."

{¶ 32} When Crenshaw filed her complaint on May 13, 2021, she also filed a poverty affidavit. On June 1, 2021, the trial court[3] entered an order stating:

> Upon the request of the applicant and the court's review, the court finds that the applicant is an indigent litigant under R.C. 2323.311. In accordance and for good cause, the court hereby grants a waiver of pre-payment of costs or fees in this matter. Pursuant to R.C. 2323.311(B)(4), the clerk is hereby ordered to waive the advance deposit or security.

{¶ 33} On October 7, 2021 — the day before it issued its ruling on Howard's motion for judgment on the pleadings — the trial court entered an order denying Crenshaw's request for indigent status "for purposes of paying filing fees and court costs" as follows:

> Plaintiff's poverty affidavit is hereby denied. It is within the court's discretion whether indigent status, for purposes of a poverty affidavit, is proper in a particular case. *Wilson v. Dept. of Rehab. and Correction*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152 (10th

---

[3] Judge Calabrese was the trial judge assigned to the case at that time.

Dist.2000). Upon consideration of plaintiff's poverty affidavit, the court hereby denies plaintiff's request for indigent status for purposes of paying filing fees and court costs.

{¶ 34} R.C. 2323.31 allows courts of common pleas to require an advance deposit as security for fees or costs when a civil action is filed. If a litigant is indigent and is unable to make an advance deposit or security for fees or costs, the litigant can file an affidavit of indigency with the court to avoid the advance deposit requirement. R.C. 2323.31; 2323.311(A)-(B). R.C. 2323.31 provides:

> The court of common pleas by rule may require an advance deposit for the filing of any civil action or proceeding or of any responsive action by the defendant. On the motion of any party, and if satisfied that such deposit is insufficient, the court may require it to be increased from time to time, so as to secure all costs that may accrue in the cause, or may require personal security to be given. However, if a party makes an application to be qualified as an indigent litigant as set forth in section 2323.311 of the Revised Code, the clerk of the court shall receive and file the civil action or proceeding or the responsive action by the defendant. If the court approves the application, the clerk shall waive the advance deposit or personal security under this section and the court shall proceed with the action or proceeding or the defendant's responsive action. If the court denies the application, the clerk shall retain the filing of the civil action or proceeding or the defendant's responsive action, and the court shall issue an order granting the applicant whose application is denied thirty days to make the required deposit or personal security prior to any dismissal or other action on the filing of the civil action or proceeding or the defendant's responsive action.

{¶ 35} R.C. 2323.311(B)(4) states, in relevant part:

> The judge or magistrate shall approve the application [to be qualified as an indigent litigant] if the applicant's gross income does not exceed one hundred eighty-seven and five-tenths per cent of the federal poverty guidelines as determined by the United States department of health and human services for the state of Ohio and the applicant's monthly expenses are equal to or in excess of the applicant's liquid

assets as specified in division (C)(2) of section 120-1-03 of the Administrative Code, as amended, or a substantially similar provision.

An applicant's indigent status can be revisited as the case proceeds. R.C. 2323.311(B)(5) provides:

[T]he judge or magistrate, at any time while the action or proceeding is pending and on the motion of an applicant, on the motion of the opposing party, or on the court's own motion, may conduct a hearing to inquire into the applicant's status as an indigent litigant. The judge or magistrate shall affirm the applicant's status as an indigent litigant if the applicant's gross income does not exceed one hundred eighty-seven and five-tenths per cent of the federal poverty guidelines as determined by the United States department of health and human services for the state of Ohio and the applicant's monthly expenses are equal to or in excess of the applicant's liquid assets as specified in division (C)(2) of section 120-1-03 of the Administrative Code, as amended, or a substantially similar provision. If the court finds that the applicant qualifies as an indigent litigant, the court shall proceed with the action or proceeding. If the court finds that the applicant does not qualify as an indigent litigant or no longer qualifies as an indigent litigant if previously so qualified as provided in [R.C. 2323.311(B)(4)], the clerk shall retain the filing of the action or proceeding, and the court shall issue an order granting the applicant whose motion is denied thirty days to make a required deposit or security, prior to any dismissal or other action on the filing or pendency of the civil action or proceeding.

{¶ 36} Loc.R. 7(A) of the Court of Common Pleas of Cuyahoga County, General Division states: "Unless otherwise provided by law, no civil action or proceeding will be accepted by the Clerk of Courts for filing unless the party or parties filing the action have first deposited a sum to secure the payment of the costs" and sets forth a schedule detailing the deposits required for each type of action or proceeding. Loc.R. 7(F) further provides:

If a party is unable to pay court costs, then the party must submit a poverty affidavit requesting to have such charges waived on the form

prescribed by the court. The completed affidavit must be submitted to the Clerk of Courts who will accept the filing without costs. Once the case is assigned, the trial judge may make further inquiry into the party's ability to pay costs and order payment where appropriate.

{¶ 37} The language of R.C. 2323.31 and 2323.311 is mandatory. These provisions require courts to waive advance deposit or security requirements associated with civil actions or proceedings for those who qualify. However, R.C. 2323.31 and 2323.311 do not address whether court costs should be waived in their entirety; they only waive the requirement of an advance deposit or security for costs. Notwithstanding R.C. 2323.31 and 2323.311, court costs may still be assessed at the conclusion of a case. The mere filing of an affidavit of indigency does not constitute an automatic waiver of court costs. *Manville v. Hazen*, 2019-Ohio-1133, 133 N.E.3d 1029, ¶ 11 (8th Dist.); *Yeager v. Moody*, 7th Dist. Carroll No. 11 CA 874, 2012-Ohio-1691, ¶ 8.

{¶ 38} There is nothing in the record to indicate that the trial court conducted a hearing to inquire into Crenshaw's status as an indigent litigant before denying her poverty affidavit. Thus, based on the record before us, Crenshaw could not be compelled to make an advance deposit or provide personal security for court costs in order to proceed with her case. However, Crenshaw's claimed indigency status would not, in and of itself, preclude Crenshaw from being responsible for paying court costs and filing fees at the conclusion of her case, as ordered by the trial court here, i.e., "den[ying] plaintiff's request for indigent status for purposes of

paying filing fees and court costs." Crenshaw has not, as she contends, been "denied access to the courts" as a result of the trial court's ruling.

{¶ 39} Although Ohio courts "traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice," the decision to do so is within the court's discretion. *Nelson v. Rodriguez*, 3d Dist. Hancock No. 5-10-20, 2011-Ohio-996, ¶ 5; *see also Manville* at ¶ 13 ("The standard of review in an appeal from a decision denying a motion for leave to proceed in forma pauperis is an abuse of discretion."), citing *Wilson*, 138 Ohio App.3d at 243, 741 N.E.2d 152. In exercising that discretion, a trial court may consider

> "whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing."

*Guisinger v. Spier*, 166 Ohio App.3d 728, 2006-Ohio-1810, 853 N.E.2d 320, 6 (2d Dist.), quoting *Wilson* at 243 (citations omitted).

{¶ 40} Given our reversal of the trial court's decision granting Howard's motion for judgment on the pleadings, we believe the trial court's denial of Crenshaw's request for indigent status "for purposes of paying filing fees and court costs" is premature. Accordingly, we sustain Crenshaw's fourth assignment of error and vacate the trial court's October 7, 2021 order denying "plaintiff's request for indigent status for purpose of paying filing fees and court costs."

**Alleged Violation of Canons of Judicial Conduct and Failure to Recuse**

{¶ 41} In her fifth and final assignment of error, Crenshaw contends that the trial judge, Judge Saffold, violated Canons 2.2 (impartiality and fairness), 2.4 (external influences on judicial conduct), 2.6 (ensuring the right to be heard), 2.7 (responsibility to decide) and 2.11 (disqualification) of the Ohio Code of Judicial Conduct by failing to recuse herself from the case. Crenshaw claims that she became "a very outspoken critic" of Judge Saffold after Judge Saffold enforced a settlement agreement in a 2010 case in which Crenshaw was a party, that Crenshaw has been "a long-time critic of the judge's discretion in pro se cases for years," that she and Judge Saffold "have a contentious history inside and outside the courtroom" and that Judge Saffold had demonstrated "blatant discrimination and personal bias against [Crenshaw]" by "always ruling against [her] without solid and supported matters of law being applied."

{¶ 42} Although Crenshaw filed an affidavit seeking recusal of Judge Calabrese, Crenshaw did not seek recusal of Judge Saffold or otherwise raise this issue below. "The avenue for redress when a party alleges a violation of the Ohio Code of Judicial Conduct or error in a judge's failure to recuse is to file an affidavit of disqualification with the Ohio Supreme Court under R.C. 2701.03." *State v. Murrill*, 12th Dist. Butler No. CA2020-08-081, 2021-Ohio-1449, ¶ 10; *see also* R.C. 2701.03(A) ("If a judge of the court of common pleas allegedly * * * has a bias or prejudice for or against a party to a proceeding pending before the court or a

party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with [R.C. 2701.03(B)]."); *Cleveland v. Goodman*, 8th Dist. Cuyahoga Nos. 108120 and 108678, 2020-Ohio-2713, ¶ 15 ("""an appellate court has no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced"""), quoting *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 16 (8th Dist.), quoting *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, ¶ 27.

{¶ 43} We therefore decline to address Crenshaw's argument that the trial judge's failure to recuse herself violated the Ohio Code of Judicial Conduct. *See Murrill* at ¶ 10. Crenshaw's fifth assignment of error is overruled.

{¶ 44} Judgment affirmed in part; reversed in part; and remanded.

It is ordered that appellee and appellant share the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., and
GENE A. ZMUDA, J.,* CONCUR

*(Sitting by assignment:  Gene A. Zmuda, J., of the Sixth District Court of Appeals.)