[Cite as *Bossart v. Brecksville-Broadview Hts. City School Dist.*, 2026-Ohio-1866.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL BOSSART,           :

    Plaintiff-Appellant,      :

                                   No. 115595

    v.                     :

BRECKSVILLE BROADVIEW-   :
HEIGHTS CITY SCHOOL
DISTRICT, ET AL.,           :

    Defendants-Appellees.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 21, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-105576

---

### *Appearances:*

Roderick Linton Belfance LLP, Christopher L. Parker, and
S. Matt Bodnar, *for appellant.*

Bricker Graydon Wyatt LLP, Kathryn I. Perrico, and
Aaron Ross, *for appellee.*

LISA B. FORBES, P.J.:

{¶ 1} Michael Bossart ("Appellant"), on behalf of his minor son, A.B., appeals from the trial court's journal entry granting the appellee Brecksville-Broadview Heights City School District's ("the School District") motion for

judgment on the pleadings. The trial court found that the School District was immune from liability under the Political Subdivision Tort Liability Act as to Appellant's negligence claim. After a thorough review of the facts and the law, we reverse and remand for further proceedings consistent with this opinion.

## I.    Factual Background and Procedural History

{¶ 2}    Appellant sued the School District for negligence in the Cuyahoga County Common Pleas Court.[1] In his complaint, Appellant alleged the following facts. A.B. was injured on April 24, 2023, during an athletic event held at the School District's track. While participating in the long jump, A.B. jumped into a sand pit. According to Appellant, cold weather had caused the sand in the pit to harden. When A.B. landed in the sand, he ruptured a ligament in his leg. The School District did not rake or inspect the sand pit before holding the long-jump event.

{¶ 3}    In support of Appellant's claim for negligence, Appellant alleged that the School District owed A.B. a duty of care "to properly maintain the sand pit for the long jump event" and that the School District breached this duty "by failing to properly rake the sand pit and/or cancel the long jump event due to the weather."

{¶ 4}    The School District answered Appellant's complaint. In its answer, the School District denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]he weather on April 24, 2023, was cold which caused the long jump pit to harden." The School District raised the following

---

[1] Appellant's initial complaint also named the Ohio High School Athletic Association ("OHSAA") as a defendant; however, the OHSAA was dismissed from this case prior to the trial court's immunity ruling.

affirmative defense pertinent to this appeal: "Defendant is completely and/or partially immune from liability pursuant to Ohio Revised Code Chapter 2744 . . . ." The School District filed a motion for judgment on the pleadings under Civ.R. 12(C), arguing that it was immune from liability for Appellant's negligence claim under R.C. Ch. 2744.

{¶ 5} On August 19, 2025, the court issued a journal entry granting the School District's motion for judgment on the pleadings, finding the School District to be immune from liability as to Appellant's negligence claim. The journal entry provided, "There are five exceptions to immunity listed in R.C. 2744.02(B) which would subject the political subdivision to liability. The court finds that none of the exceptions apply."

{¶ 6} From this order, Appellant appealed, raising the following assignment of error:

> The trial court erred in holding the School District has immunity under O.R.C. 2744 *et seq*.

## II. Law and Analysis

### A. Standard of Review, Motion for Judgment on the Pleadings

{¶ 7} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Grant of such a motion is appropriate when, after construing all material factual allegations in the pleadings as true, the court finds that the plaintiff could prove no set of facts in support of plaintiff's claim that would entitle him or her to relief. *Crenshaw v. Howard*, 2022-Ohio-3914 ¶ 13 (8th Dist.). "A motion for judgment on

the pleadings raises only questions of law, testing the legal sufficiency of the claims asserted." *Id.*

{¶ 8} We review de novo a trial court's ruling on a motion for judgment on the pleadings. *Pincus v. Pincus*, 2025-Ohio-1826, ¶ 16 (8th Dist.). "'De novo review encompasses an independent examination of the record and law without deference to the underlying decision.'" *Torres v. Concrete Designs, Inc.*, 2019-Ohio-1342, ¶ 48 (8th Dist.), quoting *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 2017-Ohio-1443, ¶ 22 (8th Dist.). Where, as here, the relevant pleadings are a complaint and answer, our review is limited "to the allegations in the complaint and answer, as well as any documents properly attached as exhibits to those pleadings."[2] *Crenshaw* at ¶ 13.

{¶ 9} This court has recognized that "Ohio is a notice-pleading state that does not require a plaintiff to plead operative facts with particularity." *Carroll v. Cuyahoga Community College*, 2023-Ohio-3628, ¶ 17 (8th Dist.). "Notice pleading requires the plaintiff to set forth claims that 'concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action . . ."'" *Id.*, quoting *Diaz v. Cuyahoga Metro. Hous. Auth.*, 2010-Ohio-13, ¶ 15 (8th Dist.), quoting *DeVore v. Mut. Of Omaha Ins. Co.*, 32 Ohio App.2d 36 (7th Dist. Apr. 4, 1972). In a case involving political-subdivision immunity, this court has stated, "'Under the rubric of notice pleading, a plaintiff has no obligation to anticipate the assertion of an

---

[2] No documents are referenced in or attached to the pleadings in this case.

affirmative defense and allege facts to disprove that defense in its complaint.'" *Parra v. Jackson*, 2021-Ohio-1188, ¶ 28 (8th Dist.), quoting *DSS Servs., L.L.C. v Eitel's Towing, L.L.C.,* 2019-Ohio-3158, ¶ 10 (10th Dist.). "'" [A] plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage.'"" *Id.*, quoting *id.*, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 2011-Ohio-677, ¶ 8 (10th Dist.).

### B. Political-Subdivision Liability

{¶ 10} Whether a political subdivision is immune from tort liability under the Political Subdivision Tort Liability Act "involves a three-tiered analysis." *Moore v. Lorain Metro. Hous. Auth.*, 2009-Ohio-1250, ¶ 9. First, ordinarily, political subdivisions are not liable for tort damages. *Id.*; R.C. 2744.02(A)(1). The parties agree that the School District is a political subdivision. There is, therefore, no dispute that, generally, the School District is immune from damages arising out of a negligence claim, such as the one that Appellant brought.

{¶ 11} We, therefore, will begin our analysis with the second tier of the immunity test: whether exceptions in R.C. 2744.02(B) pierce the School District's immunity. *Moore* at ¶ 9. Pertinent to this appeal, a political subdivision may be liable in tort for damages "caused by the negligence of their employees and that occur[] within or on the grounds of, and is due to physical defects within or on the grounds of," buildings connected to the performance of a governmental function. R.C. 2744.02(B)(4). "Physical defect" is not defined in R.C. 2744.01. Courts across Ohio have found a physical defect "'"if the instrumentality that caused [an] injury

did not operate as intended due to a perceivable condition or if the instrumentality contained a perceivable imperfection that impaired its worth or utility.""" *Soler v. Cleveland Metro. School Dist.*, 2025-Ohio-2151, ¶ 21 (8th Dist.), quoting *Slane v. Hilliard*, 2016-Ohio-306, ¶ 44 (10th Dist.), quoting *Jones v. Delaware City School Dist. Bd. Of Edn.*, 2013-Ohio-3907, ¶ 22 (5th Dist.). In a recent case, the Ohio Supreme Court determined that "'a physical defect' can be reasonably understood as a tangible imperfection that impairs the function of an object." *Hoskins v. Cleveland*, 2026-Ohio-1225, ¶ 16, quoting *Webster's Third New International Dictionary* (2002).

{¶ 12} The parties do not dispute that the School District's track was on the grounds of a building connected to the performance of a governmental function under R.C. 2744.02(B)(4). Additionally, although the School District argues in its appellate brief that the complaint did not allege facts that, if proven, would show that the conduct of School District employees rose to the level of negligence in the context of this immunity analysis, the School District did not include these arguments in its motion for judgment on the pleadings, and we decline to consider them. *See Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 14 (8th Dist.) ("[A] party cannot raise new arguments and legal issues for the first time on appeal, and . . . failure to raise an issue before the trial court waives that issue for appellate purposes."). The parties dispute whether Appellant pled facts that, if proven, demonstrate a physical defect. If the answer is yes, the School District may lose immunity and can be held liable.

### C. Physical Defect

{¶ 13} In support of its only assignment of error, Appellant argues that the trial court erred in holding that the physical-defect exception does not apply to the School District.  As an initial matter, because this appeal concerns the trial court's grant of judgment on the pleadings as to the School District's political-subdivision immunity, we make no findings of fact in this opinion relative to Appellant's claim of negligence.  We do not find, assuming all allegations in the complaint to be true, that Appellant could prove no set of facts to show that the condition of the sand pit constituted a physical defect under R.C. 2744.02(B)(4).

{¶ 14} As noted, the complaint alleges, "The weather on April 24, 2023, was cold which caused the long jump pit to harden," which the School District denied for lack of knowledge or information.  On appeal, Appellant maintains that an "unraked, unmaintained long-jump pit presented a physical defect."  The School District argues in response that the hardness of sand is not "perceivable," in the context of its immunity analysis.  This blanket claim appears to be based on a belief that a physical defect under R.C. 2744.02(B)(4) must be immediately perceivable to the naked eye, without any further inspection by the School District's employees.[3]  The School District points us to no case law to support that assertion.  Notably, perceivability was absent from the "physical defect" definition set out in *Hoskins*.

---

[3] The School District argues, in its appellate brief, "[o]ne cannot determine or perceive the 'hardness' of [the sand in the pit] simply by feeling on one's skin that the ambient air temperature is cold and *observing that the surface of the sand may not have been raked*."  (Emphasis added.)

2026-Ohio-1225, at ¶ 16. The Court instead analyzed whether an imperfection was tangible and impaired the function of an object. *Hoskins* at ¶ 18, 19.

{¶ 15} Contrary to the School District's position, this court has found issues of material fact regarding the existence of a physical defect that would have been perceivable only upon physical inspection. *Jacobs v. Oakwood*, 2016-Ohio-5327, ¶ 27-28 (8th Dist.) (reversing a trial court's determination that a political subdivision was entitled to immunity on a motion for summary judgment). In *Jacobs*, a political subdivision installed a swing on a public playground despite instructions printed on the bottom of the swing stating that it was intended "for residential use by one child only." *Id.* at ¶ 27. The plaintiff, an adult, alleged injury resulting from the swing breaking while he was using it. This court remanded the matter to the trial court, finding "a genuine issue of material fact regarding whether Oakwood's installation of a residential-grade swing, fit for use by one child only, on the playground caused the equipment to not operate as intended." *Id.* at ¶ 28.

{¶ 16} We are not persuaded by the School District's comparison between this case and *Simmons v. Yingling*, 2011-Ohio-4041 (12th Dist.). In *Simmons*, the trial court granted a school board's motion for summary judgment, finding that the board was immune from liability for injuries a student purportedly sustained while roller skating during gym class. The appellate court affirmed, finding that the "assertion that [the student] slipped on the floor while skating, does not, without additional evidence, demonstrate that the floor lacked the necessary traction for safe skating." *Id.* at ¶ 30. The appeals court summarized evidence presented in the

parties' summary-judgment briefing regarding the condition of the floor. Two witnesses had "testified that they had never before noticed any students slipping on the gymnasium floor in skates." *Id.* Another witness testified that he had viewed the floor and that "there was nothing" about it that "would have made him hesitant to" facilitate skating on that surface. *Id.* Unlike in *Simmons*, here, no evidence has yet been adduced regarding the hardness of the sand pit or whether such condition was perceivable. That the record in *Simmons* did not include sufficient evidence to demonstrate a physical defect to a surface being used for athletics does not mean that under no set of circumstances could the Appellant present such evidence here.

{¶ 17} We find no merit to the School District's argument that "[t]he fact that one long jumper was injured at the end of his jump, by itself, does not establish that the sand had a diminished worth or utility and was therefore defective." The complaint contains no allegations regarding the number of long jumpers, only that A.B. was injured when he jumped. As noted, Appellant's complaint need not conclusively establish that the long-jump pit was defective. *See Jackson*, 2021-Ohio-1188, at ¶ 28 (8th Dist.), quoting *DSS Servs.*, 2019-Ohio-3158, at ¶ 10 (10th Dist.) ("'[A] plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage.'"). Again, to survive the School District's motion for judgment on the pleadings, Appellant's complaint need only set forth factual allegations that could show a physical defect, if proven. We find that the Appellant's complaint did so through its allegations as to the condition of the sand pit, as to A.B.'s interaction therewith, and as to the injury that subsequently occurred.

{¶ 18} Finally, we find this case distinct from *Hoskins*, which concerned whether an elevated lifeguard chair was defective because it was "'[f]irm' and 'uncomfortable,'" causing a lifeguard to choose to sit in a folding chair from which he had a purportedly lesser view of a swimmer who drowned. *Hoskins*, 2026-Ohio-1225, at ¶ 8, 18. The Court noted that the plaintiff's expert "did not opine that either of the chairs was physically defective" and instead "focused primarily on [the lifeguard's] decision not to use the lifeguard chair because it was uncomfortable." *Hoskins* at ¶ 18. Unlike in *Hoskins*, which arose from a grant of summary judgment, we do not know at this stage of proceedings what evidence Appellant may produce regarding the condition of the sand pit.

{¶ 19} Appellant further argues that no defenses under R.C. 2744.03 — which lays out the third step of the immunity analysis — would revive immunity for the School District. The trial court did not reach this part of the analysis, which we decline to address for the first time on appeal. *See Pivonka v. Partika*, 2026-Ohio-557, ¶ 13 (8th Dist.), quoting *You v. N.E. Ohio Med. Univ.*, 2020-Ohio-4661, ¶ 30 (10th Dist.) ("'[Q]uestions not addressed by the trial court generally will not be ruled on by the appellate court.'").

{¶ 20} We do not find that the allegations in the complaint, if proven, cannot give rise to any set of facts that would pierce the School District's immunity under R.C. 2744.02(B)(4). Accordingly, the assignment of error is sustained.

{¶ 21} Judgment reversed. Case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR