[Cite as *State v. McGarvey*, 2016-Ohio-771.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 153 |
| VS. | ) | |
| | ) | OPINION |
| KEITH McGARVEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from Court of Common Pleas, Area Court No. 4, of Mahoning County, Ohio
Case No. 14 CRB 890

JUDGMENT:  Dismissed.

APPEARANCES:
For Plaintiff-Appellee  Attorney Paul Gaines
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 W. Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant  Attorney Anthony Farris
860 Boardman-Canfield Road, Suite 204
Boardman, Ohio 44512

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 25, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Keith McGarvey appeals the judgment of the Mahoning County Court No. 4 convicting him of one count of assault and sentencing him accordingly. McGarvey asserts that the trial court abused its discretion in finding him in direct contempt for shouting obscenities at the court during sentencing and by ordering him to serve 30 days in jail consecutive to the 180-day sentence the court had just imposed for the underlying assault charge.

{¶2} This court lacks jurisdiction to review the issue raised on appeal because McGarvey failed to attach the separate contempt order to his notice of appeal; it specifically states that he is only appealing the sentencing entry and McGarvey only attached that entry. Accordingly, the appeal is dismissed.

{¶3} McGarvey plead guilty to one count of assault, R.C. 2903.13(A). After hearing from the prosecutor, defense attorney, McGarvey and the victim, the trial court initially sentenced McGarvey to 180 days, with 120 days suspended and jail-time credit of 16 days.

{¶4} However, while the court was in recess, McGarvey threatened the victim. This threat was not on the record, but was heard by the trial court as noted in the judgment entries. The trial court accordingly went back on the record and sentenced McGarvey to the full 180 days in jail. McGarvey then yelled explicit obscenities at the trial court.

{¶5} As a result of this outburst, the trial court found McGarvey in direct contempt of court, and sentenced him to an additional 30 days in jail, to be served consecutively to the sentence on the assault. The trial court issued two separate judgments; the first is captioned "Crim.R. 11 Journal Entry Conviction/Sentence" and the second is captioned simply "Judgment Entry", in which the court finds McGarvey in contempt and sanctions him. Specifically this entry stated that while the defendant was in court, he began cursing at the court after yelling at the victim of the assault. The entry then went on to hold McGarvey in direct contempt of court and imposed a 30 day jail sentence to be served consecutively to the 180 day jail sentence for the assault conviction.

**{¶6}** In his sole assignment of error, McGarvey asserts:

The trial court erred in finding the appellant in direct contempt because the appellants [sic] conduct did not constitute an imminent threat to the administration of justice

**{¶7}** On appeal, McGarvey challenges only the contempt citation and sentence, not the 180-day sentence for the separate assault conviction. However, he only filed a notice of appeal from the assault judgment; he failed to attach the separate contempt judgment.

**{¶8}** "To invoke the jurisdiction of an appellate court, a party must file a notice of appeal in compliance with App.R. 3(D), which requires the designation of the specific 'judgment, order or part thereof appealed from.' " *McCain v. Brewer*, 2d Dist. No. 2014–CA–8, 2015–Ohio–198, ¶ 21. "[A]n appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Citation omitted.) *State v. Howard*, 2d Dist. No. 21678, 2007–Ohio–3582, ¶ 10.

**{¶9}** Here, the notice of appeal merely stated generically that McGarvey was appealing the judgment entry of the trial court, further indicating the judgment was attached. The only order attached is the assault judgment entry. The separate contempt judgment entry is not.

**{¶10}** If the contempt order were interlocutory in nature then an appeal from the sentencing entry would vest this court with jurisdiction to consider it. *See, e.g., Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, at ¶ 9 (2d Dist.) ("Interlocutory orders * * * are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it * * *.").

**{¶11}** However, a contempt order is itself final and appealable as long as the order contains " 'both a finding of contempt and the imposition of a sanction.' " *Contos v. Monroe Cty.*, 7th Dist. No. 2004-Ohio-6380, ¶ 11-12, quoting *McCree v. McCree*, 7th Dist. No. 01 CA 228, 2003-Ohio-1600, ¶ 21. The order at issue here complies with this requirement: the trial court specifically found that McGarvey was in

direct contempt of court and sentenced him to an additional 30 days in jail.

{¶12} Because McGarvey failed to appeal the contempt order, this court lacks jurisdiction to review it. Accordingly, the appeal is dismissed.

Waite, J., concurs in judgment only.

Robb, J., concurs.