[Cite as *Givens v. Longwell*, 2024-Ohio-948.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

CAROL GIVENS,

Plaintiff-Appellant,

v.

JOHN LONGWELL,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0023

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 CV 332

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

**JUDGMENT:**
Affirmed.

Carol Givens, *Pro se*, Plaintiff-Appellant and

*Atty. M. Winiesdorffer-Schirripa*, *Atty. G. Thomas Smith*, Smith Law PLLC, and *Atty. Bradley A. Powell*, Droder & Miller, Co., L.P.A., for Defendant-Appellee.

Dated:  March 14, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, Carol Givens, appeals from a Belmont County Common Pleas Court judgment dismissing her complaint pursuant to Civ.R. 12(B)(6) against Defendant-Appellee, John Longwell.

{¶2} This case centers around a house located at 3735 Highland Avenue in Shadyside (the House). The House was owned by Joseph and Mary Givens from 1987 until their deaths. Joseph Givens died in 2007 and was predeceased by his wife. Greg Givens is Joseph's and Mary's grandson. Appellant is Greg's mother. It has been alleged throughout these proceedings that the House was devised to Greg by Joseph; however, Joseph's will was never probated.

{¶3} The House was severely delinquent on property taxes and was subject to tax foreclosure proceedings. Appellee purchased the House at the resulting sheriff's sale on May 5, 2022. The deed transferring title was filed on June 28, 2022.

{¶4} Greg Givens, proceeding pro se, filed a complaint against Appellee in July 2022. On August 22, 2022, the trial court dismissed the complaint without prejudice for failure to pay the security deposit for court costs. On August 22, 2022, the probate court denied Greg Givens' attempt to reopen his grandfather's estate. Givens then refiled his complaint against Appellee but the trial court again dismissed the complaint, this time with prejudice. *Givens v. Longwell*, Belmont C.P. No. 22 CV 00242 (Oct. 25, 2022). This Court recently affirmed this judgment. *Givens v. Longwell*, 7th Dist. Belmont No. 22 BE 0056, 2023-Ohio-3379.

{¶5} Appellant then filed the instant complaint against Appellee on November 23, 2022, titled "Constitutional Claims" and making multiple unclear allegations that Appellee violated her rights by possessing the House (Case No. 22-CV-332). That same day, Appellant filed another complaint against Appellee titled "Damages, Claims" (Case No. 22-CV-331). Sixteen of the 19 numbered paragraphs in the complaint in Case No. 22-CV-332 are identical to the paragraphs in the complaint in Case No. 22-CV-331.

{¶6} Appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) on December 22, 2022, asserting Appellant failed to state a claim upon which relief could be granted. Specifically, Appellee claimed the complaint failed to comply with Civ.R. 8(A)(1), in that it was unclear what claims Appellant was asserting against Appellee in

this matter. He argued Appellant's claims were conclusory in nature and contained no specific factual allegations that would allow Appellant to recover under any legal theory against Appellee.

{¶7} On February 15, 2023, the trial court dismissed Appellant's complaint in Case No. 22-CV-331, finding that Appellant lacked standing as she was not the real party in interest. Appellant appealed that decision to this Court and we recently affirmed the trial court's judgment. *Givens v. Longwell*, 7th Dist. Belmont No. 23 BE 0008, 2023-Ohio-4516.

{¶8} Meanwhile, Appellant filed affidavits of disqualification of the trial court judge in this case with the Ohio Supreme Court. The Court denied Appellant's affidavits.

{¶9} Subsequently, on May 17, 2023, the trial court sustained Appellee's motion and dismissed the complaint. The court stated that Appellant appeared to allege that Appellee "through fraud, deceit, theft, breaking and entering, harassment, breach of contract, breach of implied covenant of good faith and fair dealing, falsity, economic duress, and other wrongful conduct, has deprived her of her real/personal property." The court found that Appellant's complaint was internally inconsistent. It cited numerous instances throughout the complaint where the "Plaintiff" is referred to as "Mr. Givens," where the Plaintiff is referred to as a holdover tenant from "his grandparents", and otherwise referred to the Plaintiff as a "he." The trial court found that based only on the allegations in the complaint, Appellant could prove no set of facts entitling her, rather than the male person she repeatedly refers to, to the requested relief. The court did not specify if the dismissal was with or without prejudice. But pursuant to Civ.R. 41(B)(3), a dismissal is with prejudice unless the court specifies otherwise. Thus, the trial court's dismissal here was with prejudice.

{¶10} Appellant filed a timely notice of appeal on May 31, 2023. She now raises eight assignments of error.

{¶11} After filing this appeal, on July 20, 2023, the Belmont County Common Pleas Court declared Appellant to be a vexatious litigator. This designation requires Appellant to obtain leave of court to proceed with this appeal. On September 6, 2023, this Court granted Appellant's motion for leave to proceed.

**{¶12}** On December 5, 2023, this Court affirmed the trial court's judgment dismissing Appellant's complaint in Case No. 22-CV-331. *Givens*, 2023-Ohio-4516. The eight assignments of error in the present case are virtually identical to the eight assignments of error in that case. Thus, our resolution of this case mirrors that in *Givens*, 2023-Ohio-4516.

**{¶13}** We will address Appellant's assignments of error out of order for ease of discussion.

**{¶14}** Appellant's third assignment of error states:

TRIAL COURT ERRED IN DISMISSAL OF COMPLAINT FOR REASONS NOT PRESENTED BY DEFENDANT(S), IN MOTION TO DISMISS, OR BY SUMMARY JUDGMENT.

**{¶15}** Here, Appellant argues she has standing to bring this complaint because she made payments "in entitlement to the property."

**{¶16}** We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 10-15, 19, as follows:

Civ.R. 17(A) requires that "[e]very action shall be prosecuted in the name of the real party in interest." Civ.R.17(A). Indeed, "if a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action." *Myers v. Evergreen Land Dev. Ltd.*, 7th Dist. Mahoning No. 07 MA 123, 2008-Ohio-1062, ¶ 13, quoting *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998).

A real party in interest is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, *i.e.*, one who is *directly* benefitted or injured by the outcome of the case." (Emphasis sic.) *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985), quoting *West Clermont Edn. Assn. v. West Clermont Bd. of Edn.* 67 Ohio App.2d 160, 162, 426 N.E.2d 512 (1980).

The purpose of the standing requirement is to "enable the defendant to avail himself of evidence and defenses that the defendant has against

the real party in interest, and to assure [the defendant] finality of judgment, and that he will be protected against another suit brought by the real party at [sic] interest on the same matter." *Shealy* at 24-25, quoting *In re Highland Holiday Subdivision*, 27 Ohio App.2d 237, 240, 273 N.E.2d 903 (4th Dist.1971).

To determine whether a plaintiff is a real party in interest, "courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Id.* at 25. As we have noted in the past, "the test for determining who is a real party in interest is: 'Who would be entitled to damages?'" *Myers*, *supra*, at ¶ 14. When the facts are not in dispute, the trial court's determination that an individual is not a real party in interest is reviewed de novo. *Id.* at ¶ 15. If it is determined that the plaintiff does not have standing, the complaint must be dismissed, and appellate courts will uphold such dismissals on appeal. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 42.

In this case, Appellant raised several causes of actions in her complaint: grand theft, breach of an implied covenant of good faith and fair dealing, breach of contract, economic duress, and promissory fraud and misrepresentation. All of her claims depend on the fact that the claimant possess a legally protected interest in the property. Because Appellant does not have a legally protected interest in the property in this case, she is not the real party in interest and lacks standing.

As the trial court noted, Appellant's complaint is rife with references to her son, Greg Givens: it names him as the plaintiff in some spots; consistently uses masculine pronouns when it should use feminine pronouns; and contains facts that are applicable only to her son, and not Appellant. It appears that, aside from minor editing, Appellant simply signed her name on the complaint that Greg Givens earlier twice unsuccessfully filed.

\* \* \*

Appellant does not have standing to sue because she is not a real party in interest with a direct, actual stake in the outcome of the litigation. She has no legally protected interest in the disputed property and can receive no relief from contesting the tax foreclosure sale. Because she has no standing, the trial court's decision to dismiss her complaint was not error.

{¶17} Accordingly, Appellant's third assignment of error is without merit and is overruled.

{¶18} Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN TREATMENT AND DISMISSAL OF COMPLAINT FOR REASONS AND PREJUDICES STATED IN ARBITRARY AND UNIQUE ORDERS TO DEFENDANT [sic] GIVENS ALONE, SO DENYING DUE PROCESS OF LAW AND THE EQUAL PROTECTION OF LAW REQUIRED TO THE DEFENDANT [sic], CAROL GIVENS, IN VIOLATION OF THE U.S. BILL OF RIGHTS, AND ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO, JUDICIAL CANNONS.

{¶19} Appellant argues here that the trial court erred in determining the probate estate was dismissed because Greg Givens failed to comply with the probate court's orders. She states that matter is currently on appeal.

{¶20} We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 21, as follows:

This assignment of error lacks merit because this appeal does not involve Greg Givens as a party and clearly does not involve an appeal of a probate judgment. Appellant's lack of standing prevents her from making arguments as to the merits of the instant case, much less a completely different case in probate court. We must also note that this Court has already dismissed Mr. Givens' appeal in his probate case. *In re Estate of Givens*, 7th Dist. Belmont No. 22 BE 0045 (Oct. 31, 2022).

Case No. 23 BE 0023

{¶21} Accordingly, Appellant's argument is moot and her first assignment of error is without merit and is overruled.

{¶22} Appellant's second and sixth assignments of error are based on the same argument. Thus, we will address them together.

{¶23} Appellant's second assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION, AND IN FAILURE TO ADHERE TO, AND OBEY OHIO STATUTE, HIGHER COURT OPINIONS, DETERMINATION, MANDATES OF THE OHIO SUPREME COURT, AND DISTRICT COURT OPINIONS, ISSUED ACCORDINGLY, AND IN ACCORDANCE WITH LAW.

{¶24} Appellant's sixth assignment of error states:

THE TRIAL COURT ERRED IN ITS FAILURE AND DUTY TO CORRECT JUDGMENT IN FAVOR OF PLAINTIFF, AND ADHERE TO LOCAL RULE 23 OF THE BELMONT COUNTY COURT, COMMON PLEAS, IN ITS RULINGS.

{¶25} Appellant seems to argue here that she was entitled to Civ.R. 60(B) relief from judgment in her tax foreclosure case.

{¶26} We addressed these arguments/assignments of error in *Givens*, 2023-Ohio-4516, ¶ 30-31, as follows:

In order to invoke an appellate court's jurisdiction, "a party must file a notice of appeal in compliance with App.R. 3(D)." In the notice of appeal, an appellant must "designate the judgment, order or part thereof appealed from." App.R. 3(D). Failure to do so divests the appellate court of jurisdiction. "[A]n appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." *State v. McGarvey*, 7th Dist. Mahoning No. 14 MA 153, 2016-Ohio-771, ¶ 8.

Here, Appellant designated Common Pleas Case No. 22-CV-332 in her notice of appeal. She did not include her tax foreclosure case. Her

second and sixth assignments of error deal exclusively with the court's decision on Appellant's motion for relief from judgment in her tax foreclosure case. Because Appellant has only appealed the court's decision in Case No. 22-CV-332, we lack jurisdiction over any judgment rendered in her tax foreclosure case.

**{¶27}** Accordingly, Appellant's second and sixth assignments of error are without merit and are overruled.

**{¶28}** Appellant's fourth assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION IN ARBITRARY RULINGS AND *SUA SPONTE* OPINIONS DIRECTED TO THE CLERKS AGAINST PLAINTIFF, WITHOUT HEARING OR OPPORTUNITY FOR INQUIRY AS TO PLAINTIFF, WHO IS SEVENTY-FIVE (75) YEARS OF AGES [sic], ON A WALKER, AND REQUIRED BY IMPLICATION, COURT ORDER FOR PLAINTIFF TO COURT, MORE THAN TWELVE (12) MILES AWAY FROM THE COURTROOM, SUBJECTING PHYSICAL REQUIREMENTS OF PLAINTIFF, PRIOR TO OBJECTIONS, DISCOVERY, OR TRIAL, NOT SIMILARLY IMPOSED UPON THE DEFENDANT, JOHN LONGWELL, DEPRIVING PLAINTIFF OF FUNDAMENTAL RIGHTS OVER TO THE FAVOR OF THE DEFENDANT, AND CONTRARY AGAINST THE PLAINTIFF'S FIRST AMENDMENT TO THE U.S. CONSTITUTION, AND THE DUE PROCESS OF LAW, AND AS RIGHTS GUARANTEED BY ARTICLE I OF THE OHIO STATE CONSTITUTION, U.S. CONSTITUTION, AND THE CANNON OF JUDICIAL CANNON [sic] AND CONDUCT, AND IN DETERMINATION OF COSTS AGAINST THE PLAINTIFF.

**{¶29}** Here, Appellant alleges the trial court judge violated various Cannons of the Ohio Code of Judicial Conduct. She further claims the judge became a "very outspoken critic" of Greg Givens.

**{¶30}** We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 23, as follows:

Because Appellant had no standing to file her complaint, any further arguments regarding this complaint are moot. Regardless, the question of judicial misconduct is beyond this Court's jurisdiction. "Appellate Courts have consistently recognized that any allegation that the trial judge violated the Code of Judicial Conduct, acted in a manner demeaning to the judiciary, and engaged in unethical misconduct are not properly brought before the court of appeals." *In re J.J.M*, 7th Dist. Harrison No. 12 HA 2, 2012-Ohio-5605, ¶ 23.

**{¶31}** Accordingly, Appellant's fourth assignment of error is without merit and is overruled.

**{¶32}** Appellant's fifth assignment of error states:

THE TRIAL COURT ERRED IN ITS FAILURE AND DUTY TO RECUSE, HOLDING EACH AND EVERY CASE OF THE PLAINTIFF, AND LACKING RANDOM STRAW POLL OF JUDGES.

**{¶33}** In this assignment of error, Appellant seems to allege that the trial court judge should have recused himself.

**{¶34}** We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 24-25, as follows:

[Appellant] fails to provide any reasoning or argument, and fails to supply citations to any authorities or references to relevant parts of the record. These omissions clearly violate App.R. 16(A)(7) and are reason enough to overrule the assignment of error. "It is the duty of appellant, not this Court, to demonstrate [her] assigned error through an argument that is supported by citations to legal authority and facts in the record." *Midkiff v. Kuzniak*, 7th Dist. Mahoning No. 06 MA 66, 2006-Ohio-6243, ¶ 11 citing *State v. Taylor*, 9th Dist. [Medina] No. 2783-M, [1999 WL 61619 (Feb. 9, 1999)]. The fact that Appellant is a pro se litigant does not excuse her from complying with App.R.16(A)(7). "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that

they are held to the same standard as litigants who are represented by counsel." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 274, 2018-Ohio-2692, 104 N.E.3d 764.

Nevertheless, this assignment of error is also moot, given our conclusion that Appellant had no standing to file her complaint.

**{¶35}** Accordingly, Appellant's fifth assignment of error is without merit and is overruled.

**{¶36}** Appellant's seventh assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION BY CONCLUSIONS OF LAW NOT BACKED IN FACT, OR IN EVIDENCE.

**{¶37}** Appellant simply asserts here that the trial court erred in taxing costs of this action to her.

**{¶38}** We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 32-35, as follows:

As a preliminary matter, we once again note that Appellant failed to comply with the Rules of Appellate Procedure. Appellant does not present "the reasons in support of [her] contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Appellant cites no standard of review, no authority in case law whatsoever, no statutory provisions, and no evidence in the record to show that the trial court's order was in error. The entirety of this assignment of error reads: "The Trial Court erred in its determination, that Costs are taxed to Carol Givens. Citations *Sic passim. Ibid.*" (Appellant Br. at 8). Appellant cannot rely on this Court or Appellee to make her argument for her. *Midkiff*, 7th Dist. Mahoning No. 06 MA 66, 2006-Ohio-6243, ¶ 11.

The Ohio Rules of Civil Procedure direct trial courts to order parties to pay court costs. "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party

unless the court otherwise directs." Civ.R. 54(D). The rule "gives the trial court broad discretion to assess costs" and "the court's ruling will not be reversed absent an abuse of discretion." *Keaton v. Pike Community Hosp.*, 124 Ohio App.3d 153, 156, 705 N.E.2d 734 (4th Dist. 1997) citing *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555, 597 N.E.2d 153 (1992). Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Johnson v. McClain*, 164 Ohio St.3d 379, 2021-Ohio-1664, 172 N.E.3d 1012, ¶ 20.

Although Appellant filed an affidavit of indigency with her complaint, this does not change our analysis. "The mere filing of an affidavit of indigence does not constitute an automatic waiver of court costs." *Yeager v. Moody*, 7th Dist. Carroll No. 11 CA 874, 2012-Ohio-1691, ¶ 8. An indigency filing only waives the requirement of an advance deposit to secure court costs. Costs may still be assessed at the conclusion of the case. *Crenshaw v. Howard*, 2022-Ohio-3914, 200 N.E.3d 335, ¶ 37 (8th Dist.).

The trial court possesses broad discretion to recoup court costs from litigants, even pro se indigent litigants. Appellant has presented no argument or citation to the record that the court's decision was unreasonable, arbitrary, or unconscionable.

**{¶39}** Accordingly, Appellant's seventh assignment of error is without merit and is overruled.

**{¶40}** Appellant's eighth assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION BY JOINDER, AND IN DISMISSAL OF BELMONT COUNTY COURT, COMMON PLEAS, CASES 21-TF-0004 WITH 22-CV-0331, AND IN CONCLUSIONS OF LAW NOT BACKED IN FACT, OR IN EVIDENCE.

**{¶41}** In her final assignment of error, Appellant argues the trial court incorrectly joined the present case with Case No. 22-CV-331 and with her tax foreclosure case.

Case No. 23 BE 0023

**{¶42}** We addressed this argument/assignment of error in *Givens*, 2023-Ohio-4516, ¶ 27, as follows:

> Pursuant to App.R. 12(A)(2), we must overrule this assignment of error at the outset because it "fails to identify in the record the error on which the assignment of error is based * * *." Appellant has raised a bare claim devoid of context. She provides no discernable argument. There is no indication in the record that the court joined the cases Appellant references.

**{¶43}** Accordingly, Appellant's eighth assignment of error is without merit and is overruled.

**{¶44}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.
Klatt, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**